724 So.2d 1208 (1998)
Jermaine LEBRON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1983
District Court of Appeal of Florida, Fifth District.
December 4, 1998.
Rehearing Denied January 12, 1999.
*1209 Robert A. Norgard, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, J.
After a jury found Jermaine Lebron guilty of committing the crimes of attempted murder, robbery, and kidnaping, he moved for a new trial. The basis of his motion was that the jury foreperson, Kevin Wright, failed to timely disclose to the trial court his suspicion that Mr. Lebron had murdered his friend. We vacate Mr. Lebron's convictions and sentences and remand this matter for a new trial because Mr. Wright's failure to disclose this information constituted juror misconduct which deprived Mr. Lebron of his right to receive a fair trial before an impartial jury.
Sometime prior to these proceedings Mr. Wright's friend, Neal Oliver, was murdered. After the murder, Mr. Wright read a newspaper article implicating Mr. Lebron as the killer. The article contained photographs of both Messrs. Lebron and Oliver. By the time the instant case proceeded to trial, Mr. Lebron had been charged with Mr. Oliver's murder.
During voir dire, the trial court asked the jury panel generally whether they knew anything about the instant case and specifically whether they knew Mr. Lebron. None of the jurors indicated that they knew Mr. Lebron, but one juror indicated that she had known Mr. Oliver. That prospective juror was excused for cause. Other jurors indicated that they had heard or read about the Oliver case; however, Mr. Wright did not indicate that he knew anything about the Oliver case. Defense counsel asked the prospective jurors if they knew of any reason that they could not be fair and impartial and Mr. Wright answered in the negative. The court also advised the panel, including Mr. Wright, "[n]ow, if at any time something jogs your memory that you recall, something about this case, please raise your hand and interrupt at any time and let us know so we can talk with you." Thereafter, Mr. Wright was selected as a juror, the jury was sworn, and the trial proceeded.
Mr. Wright's fiancee, Sharon Suda, attended the last day of trial. On that day, she had a conversation with defense counsel during a break. She told defense counsel that at breakfast that morning Mr. Wright had discussed the case with her. She said that Mr. Wright had told her that he thought that Mr. Lebron was guilty. Concerned by this disclosure, defense counsel reported his conversation with Ms. Suda to the trial court. After the jury was excused for deliberations, the trial court conducted an in camera hearing to question Ms. Suda. Ms. Suda initially denied having any discussion about the case, but eventually admitted that Mr. Wright had told her that he thought Mr. Lebron was guilty. In the meanwhile, the jury selected Mr. Wright as its foreperson.
After the jury entered its guilty verdict, Mr. Lebron filed a motion for new trial arguing juror misconduct on the part of Mr. Wright. The trial court conducted an in camera voir dire examination of Mr. Wright. During the court's questioning, Mr. Wright denied having the conversation described by Ms. Suda, but he disclosed the fact that he had suspected that Mr. Lebron had killed his friend, Mr. Oliver:
THE COURT: What conversations, if any, did you have with [Ms. Suda] concerning this case?
MR. WRIGHT: I did say to her that I thought [Mr. Lebron] was the one that shot my friend Neal [Oliver].
* * *
THE COURT: Do you remember the questioning of the jury I asked everybody did they know anything about this case or anything about [Mr. Lebron]?
MR. WRIGHT: I didn't. I didn't lie to you. I didn't know anything about him or the case. I said I thought, you see what I'm saying? I didn'tI don't know for sure.

*1210 * * *
MR. WRIGHT: I said I thought. That's what I said to her. I said I thought he might have been the one that shot my friend Neal. But if you are wondering if that had anything to do with my decision here, no. No. This was hard on us. I want you to know that this was hard on us.
* * *
MR. WRIGHT: I said to herI said, I think this might have been the guy that shot Neal. That's all I said to her, point blank, done deal. That was it.
Mr. Wright stated that he did not realize that Mr. Lebron might be the man who shot Mr. Oliver until the night before the deliberations began. He also assured the court that he had not shared this belief with other members of the jury and that it had not influenced his decision regarding Mr. Lebron's guilt in the instant case.
In denying the motion for new trial, the trial court applied the three-part test set forth in De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995), regarding a juror's nondisclosure of information during voir dire. Under this test a new trial is warranted if (1) the complaining party establishes that the information is relevant and material to jury service in the case; (2) the juror concealed the information during questioning; and (3) the failure to disclose the information was not attributable to the complaining party's lack of diligence. The trial court concluded that Mr. Wright's failure to disclose his connection with Mr. Oliver was harmless, stating: "There was no reasonable possibility that Mr. Wright's realization affected the jury's verdict" because Mr. Wright "was never sure that his belief about the defendant was correct, ... he did not conceal this information on voir dire, [and] his ability to be impartial was not affected."
A criminal defendant is entitled to receive a new trial if a juror is guilty of misconduct and that misconduct prejudices the defendant's "substantial rights." See Fla. R.Crim. P. 3.600(b)(4). The substantial right implicated in this case was, of course, Mr. Lebron's right to be tried by six impartial jurors. See Art. 1, § 16, Fla. Const.; see also Fla. R.Crim. P. 3.251. Jurors who believe that a defendant has committed or has been charged with committing other crimes are not impartial and are therefore subject to challenge. See Kelly v. State, 371 So.2d 162 (Fla. 1st DCA 1979); see also Wilding v. State, 427 So.2d 1069 (Fla. 2d DCA 1983).
While we yield to the findings of the trial court regarding Mr. Wright's credibility, we disagree with the conclusion that Mr. Wright's failure to disclose to the trial court the fact that he thought that Mr. Lebron had murdered Mr. Oliver was harmless, and that application of the De La Rosa test is controlling. As a juror, Mr. Wright had the continuing duty throughout the trial to advise the court if he recalled anything about the case. Mr. Wright breached that duty by not advising the trial court of his recollection that Mr. Lebron was implicated in the murder of Mr. Oliver and his belief that Mr. Lebron might have been the killer. Mr. Wright's admitted belief that Mr. Lebron killed Mr. Oliver created a presumption of prejudice that the state could not overcome. See Marshall v. State, 664 So.2d 302, 303 (Fla. 3d DCA 1995), rev. denied, 675 So.2d 122 (Fla.1996). Had Mr. Wright made a disclosure before the jury began its deliberations, an alternate juror could have taken his place thereby preserving the integrity of the proceedings. Unfortunately, he failed to do so, and his failure constituted prejudicial juror misconduct requiring reversal.
REVERSED and REMANDED.
GRIFFIN, C.J., and COBB, J., concur.