751 So.2d 682 (2000)
Alton JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D98-3311.
District Court of Appeal of Florida, Fifth District.
January 28, 2000.
Rehearing Denied March 13, 2000.
*683 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
After James was convicted, following a jury trial, of aggravated assault with a firearm and carrying a concealed firearm,[1] he appealed to this court. We remanded the case to the trial court to conduct an evidentiary hearing as to whether juror misconduct had occurred which was sufficient to require a new trial pursuant to Marshall v. State, 664 So.2d 302 (Fla. 3d DCA 1995), rev. denied, 675 So.2d 122 (Fla.1996). The trial court conducted an evidentiary hearing and denied James' motion for new trial based on juror misconduct. James now appeals this ruling, and we affirm.
In this case, a juror, Anderson, failed to respond to the question posed by the prosecutor, whether any prospective juror had a family member or close relative who had been accused or convicted of a crime. Several jurors responded they had, but Anderson made no response. In fact, she had two close relatives who had been convicted of crimes.
The trial court concluded that Anderson's failure to disclose was not material. The prosecutor's general question had produced nine jurors who had relatives who had been convicted of crimes, but three of them ultimately served on the jury. Further, defense counsel did not ask questions of the responding prospective jurors as to what kinds of crimes the various relatives had committed, except one *684 who thought her son had been wrongfully charged. Had this issue been important to the defense, counsel would have made efforts to inquire further into the nature of the offenses. Two chose not to disclose the nature of the crimes involved, and yet they were selected for the jury.
Also, Anderson was asked whether she knew James or Rawls, the victim in the case, or members of their families, or two defense witnesses. She denied knowing them. At the hearing below, Anderson testified that she was a life-time resident of Winter Garden, as were James and Rawls and their families. But she denied she recognized James at trial, or knew who his family members were. She knew one of them only by a nickname. She also denied she knew Rawls, or knew that he worked at Disney World where she also worked, or any of the defense witnesses, who also worked there. The trial judge found Anderson knew members of James' family, but not by their family names, and she did not connect any of them to James at trial.
A juror's nondisclosure of information during voir dire warrants a new trial only if the defendant establishes the information is relevant and material to jury service in the case, the juror concealed the information during questioning, and failure to disclose the information was not attributable to the defendant's lack of diligence. Lebron v. State, 724 So.2d 1208 (Fla. 5th DCA 1998); Marshall v. State, 664 So.2d 302 (Fla. 3d DCA 1995), rev. denied, 675 So.2d 122 (Fla.1996); Blaylock v. State, 537 So.2d 1103 (Fla. 3d DCA 1988), rev. denied, 547 So.2d 1209 (Fla. 1989). Nondisclosure is considered material if it is substantial and important so that if the facts were known, the defense may have been influenced to peremptorily exclude the juror from the jury. See Blaylock, 537 So.2d at 1106-07.
In this case, the trial court found Anderson did not fail to disclose her knowledge of the defendant, victim, or their families, nor the defense witnesses. We are bound by that fact finding.[2] We agree with the trial court that, based on defense counsel's lack of interest in whether prospective jurors had relatives who had been convicted of crimes, Anderson's failure to disclose that information was not material.
AFFIRMED.
PETERSON, J., concurs.
HARRIS, J., dissents with opinion.
HARRIS, J., dissenting.
I respectfully dissent.
I recognize the authority of this court and other courts of appeal of this state that a juror's nondisclosure of information during voir dire even when the questions require such disclosure warrants a new trial only if the undisclosed information is relevant and material to jury service.[1] I agree with the majority that based on defense counsel's actions in this case, even if the juror had acknowledged that two close relatives had been convicted of a crime, she most likely would have been kept on the jury. Other jurors making such revelations were. Even so, that doesn't mean the question asked was immaterial. It merely means that even with a positive response from other jurors to the same question, they were found acceptable based on their voir dire examination as a whole. In any event, this analysis focuses on the contents of the deception.
Far more important, in my view, is the fact that the juror's deception was intentional.[2] *685 Even though the trial court did not specifically find an intentional nondisclosure, its statements in the record seem to acknowledge that the court recognized that the nondisclosure was intentional but then considered whether, since other jurors with criminal relatives were left on the jury, the nondisclosure was material. But would the defense counsel have left the juror on the panel if he had known she intentionally deceived him on the issue?
The Supreme Court of Missouri in Williams v. Barnes Hospital, 736 S.W.2d 33, 36 (Mo.1987), states the rule recognized by many courts: "In some contexts the opportunity for error is so great that a party's right to a fair and impartial jury must be presumed compromised. If a juror intentionally withholds material information requested on voir dire, bias and prejudice are inferred from such concealment... For this reason, a finding of intentional concealment has `become tantamount to a per se rule mandating a new trial.'" Williams holds that it is only "where nondisclosure is found to be both unintentional and reasonable, the relevant inquiry becomes whether, under the circumstances, the juror's presence on the jury did or may have influenced the verdict so as to prejudice the party seeking a new trial."[3]
Whether this juror intentionally misled counsel because of her embarrassment in admitting to having criminal relatives or because of a burning desire to sit on the jury, it brings into question her commitment to truth and her willingness to comply with her oath as juror. Would she, for example, if she believed the defendant was probably guilty, convict even though she recognized reasonable doubt?
If there is fundamental error not subject to the harmless error rule it is a biased judge or a lying juror.[4] In neither case can there be public confidence in the trial's outcome.[5] I would grant a new trial.
NOTES
[1] §§ 784.021(1)(a); 790.01(2), Fla. Stat.
[2] Pinardi v. State, 718 So.2d 242 (Fla. 5th DCA 1998), rev. denied, 729 So.2d 393 (Fla. 1999); State v. Smith, 632 So.2d 1086 (Fla. 5th DCA); cert. denied, 513 U.S. 914, 115 S.Ct. 290, 130 L.Ed.2d 205 (1994); State v. Cardosa, 609 So.2d 152 (Fla. 5th DCA 1992).
[1] The court in Chester v. State, 737 So.2d 557 (Fla. 3d DCA 1999), stated the rule to be that a juror's false response during voir dire, albeit unintentional, which results in the nondisclosure of material information relevant to jury service in that case justifies a new trial as a matter of law. Chester does not address the effect of intentional nondisclosure.
[2] Intentional nondisclosure of potential juror during voir dire occurs when (1) there exists no reasonable inability to comprehend the information solicited by the question asked of the prospective juror, and (2) it develops that the prospective juror actually remembers the experience or that it was of such significance that his purported forgetfulness is unreasonable. Jackson v. Watson, 978 S.W.2d 829 (Mo.Ct.App.W.D. 1998).
[3] But see State v. Kelly, 331 S.C. 132, 502 S.E.2d 99, 106 (1998): A new trial is required only when the court finds the [intentionally] concealed information would have supported a challenge for cause or would have been a material factor in the use of the party's preemptory challenges. The inquiry must focus on the character of the concealed information, not on the mere fact that a concealment occurred.
[4] See People v. Meza, 188 Cal.App.3d 1631, 234 Cal.Rptr. 235 (6th Dist. 1987), in which the court held that a juror's silence during voir dire when the question compelled an answer could amount to perjury.
[5] See Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379, 381 (Fla.2d DCA 1972), where the court, although recognizing that willful falsehood "may intensify the wrong done," held, even in a case of unintentional nondisclosure: "[N]ext to securing a fair and impartial trial for the parties, it is important that they should feel that they have had such a trial, and anything that tends to impair their belief in this respect must seriously diminish their confidence and that of the public generally in the ability of the state to provide impartial tribunals for dispensing justice between its subjects...."