823 So.2d 210 (2002)
Thi Phuong-Ngoc TRAN and Hoang Luu Tran and Geico General, Appellant/Cross-Appellee,
v.
Elizabeth Ann SMITH, Appellee/Cross-Appellant.
Nos. 5D01-1216, 5D01-1345.
District Court of Appeal of Florida, Fifth District.
July 29, 2002.
Rehearing Denied July 30, 2002.
*211 F. Bradley Hassell of Eubank, Hassell & Moorhead, Daytona Beach, for Appellants/Cross-Appellees Thi Phuong-Ngoc Tran and Hoang Luu Tran.
Angela C. Flowers and Kubicki Draper, Miami, for Appellant/Cross-Appellee Geico General.
Kimberly A. Ashby of Akerman, Senterfitt & Eidson, P.A. and Nicholas A. Buoniconti, III of Morgan, Colling & Gilbert, Orlando, for Appellee/Cross-Appellant Elizabeth Ann Smith.

AMENDED
PALMER, J.
In this automobile accident case, Thi Phuong-Ngoc Tran, Hoang Luu Tran (the Trans), and Geico General appeal the final judgment entered in favor of Elizabeth Ann Smith on her claim for personal injury damages, arguing that the trial court erred in denying their motion for new trial. Smith cross-appeals, arguing that the trial court erred in calculating the interest due on her judgment. We affirm.
The Trans and Smith were involved in an automobile accident. In an effort to recover damages for the injuries she sustained in the accident, Smith filed a negligence claim against the Trans, and a claim for underinsured motorist coverage against Geico General. The matter proceeded to trial and upon review of the evidence presented, the jury returned a verdict in favor of Smith on both of her claims.
The Trans and Geico (hereinafter referred to collectively as Geico) conducted a post-trial investigation of the jurors. During its investigation, Geico discovered information which, in its view, should have been, but was not, disclosed during voir dire by two jurors, juror Pernod and juror Curry. Citing to this information, Geico filed a motion requesting permission from the trial court to interview the two jurors. Geico also filed a motion for new trial alleging claims of juror misconduct and trial error. The court granted Geico the opportunity to interview juror Pernod, but denied the request to interview juror Curry. After interviewing Pernod, the trial court found no juror misconduct and denied Geico's motion for new trial. This appeal followed.
First, Geico argues that the trial court erred in refusing to grant relief on its post-trial claims of juror misconduct. Specifically, Geico maintains that the court should have granted a juror interview with juror Curry, and that the court should have granted a new trial based upon juror Pernod's misconduct. We disagree.
In De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995) the Supreme Court explained that a juror's failure to disclosure information during voir dire warrants the grant of post-trial relief only if the moving party establishes that (1) the nondisclosed information was material to jury service in the case; (2) the juror concealed the information during questioning; and (3) the concealment was not attributable to the moving party's lack of due diligence. This three prong analysis is commonly referred to by our courts as the De La Rosa test. *212 See Garnett v. McClellan, 767 So.2d 1229 (Fla. 5th DCA 2000).
Here, Geico requested permission to interview juror Curry based upon its post-trial investigation which revealed that a person with the same name as Curry had filed two workers' compensation claims some six to seven years earlier. Geico maintained that this information should have been, but was not, disclosed by Curry during voir dire and that her failure to do so constituted concealment under prong two of the De La Rosa test. The trial court denied the request for a jury interview, apparently concluding that no showing had been made that the alleged non-disclosed information was material as required under prong one of that same test.
Our court has addressed the issue of materiality in two recent opinions. First, in James v. State, 751 So.2d 682 (Fla. 5th DCA 2000), we explained that
[n]ondisclosure is considered material if it is substantial and important so that if the facts were known, the defense may have been influenced to peremptorily exclude the juror from the jury.
Id. at 684. Applying this analysis to the facts in that case, the James court ruled that the trial court properly determined that, in a trial involving a charge of aggravated assault with a firearm, it was not material that a juror failed to disclose during voir dire that she had two close relatives who had been convicted of crimes. Thereafter, in Garnett v. McClellan, 767 So.2d 1229 (Fla. 5th DCA 2000), we reversed the trial court's grant of a new trial, ruling that, in a trial involving an automobile accident, a juror's failure to disclose a prior automobile accident during voir dire was not material so as to warrant the grant of a new trial.
Applying this same analysis to the instant case, we affirm the trial court's ruling, recognizing that there is nothing in the record which suggests that Geico would have used a peremptory challenge against Curry had this information been revealed during voir dire. As a result, the trial court can not be found to have abused its discretion in determining that any failure to disclose six and seven year old worker's compensation claims was not material to jury service in this case See Gray v. Moss, 636 So.2d 881 (Fla. 5th DCA 1994)(explaining that the standard of review for a ruling on a motion to grant a jury interview is abuse of discretion).
As for Geico's claim of misconduct against juror Pernod, Geico contends that the trial court erred in concluding that the information revealed during his interview was insufficient to warrant the grant of a new trial. We again disagree.
During voir dire, Pernod advised the parties that he was a Geico insured and that he had been involved in an automobile accident a couple of years earlier. When asked if his relationship with Geico would make him lean either in favor of or against Geico, Pernod responded that it would not. When asked if he had any relationship with Geico that would make him feel uneasy about being a juror in this case, Pernod replied that there was not, and that he could be a fair and impartial juror. None of the parties inquired further into Pernod's dealings with Geico.
During its post-verdict investigation, Geico discovered that, in relation to his automobile accident, Pernod had received reimbursement of his damages from both Geico and the tortfeasor's insurance company. As a result, he had entered into an agreement with Geico to make monthly payments to pay back the reimbursement payment and was, at the time of trial, delinquent in fulfilling that obligation. Faced with this information, the trial court determined that Pernod's undisclosed contractual *213 relationship with Geico was material and, therefore, granted Geico the right to conduct a juror interview. During the interview, Pernod explained that his failure to disclose his contractual relationship with Geico during voir dire was not intentional, nor made to conceal the situation, but instead, the simple result of the fact that the voir dire questions were not understood by him as relating to his reimbursement situation. The court found Pernod's statements to be credible, and held that his nondisclosure did not constitute concealment. We agree.
In order to establish concealment, the moving party must demonstrate, among other things, that the voir dire question was straightforward and not reasonably susceptible to misinterpretation. A juror's answer cannot constitute concealment when the juror's response about litigation history is ambiguous and counsel does not inquire further to clarify that ambiguity. Birch v. Albert, 761 So.2d 355, 357 (Fla. 3d DCA 2000). We agree with the trial court that Geico's voir dire questioning was ambiguous as to whether it sought information such as Pernod's agreement to repay the double reimbursement and thus the record is devoid of evidence of concealment.[1]
Next, Geico argues that the trial court should have granted a mistrial when Smith violated the court's pre-trial ruling regarding collateral source insurance coverage. We again find no error.
Prior to commencement of trial, the trial court granted Geico's motion in limine prohibiting any discussion of the fact that State Farm was the Trans' liability insurer. However, during direct examination, when asked to identify a particular exhibit, Smith testified that the document was a State Farm damage estimate. Geico immediately objected and moved for mistrial, noting that Smith's statement violated the trial court's pre-trial ruling. The trial court sustained the objection but denied the motion for mistrial, ruling that Smith's single inadvertent mention of the name State Farm did not give rise to the level of prejudice required to be shown for a mistrial.
A mistrial should be granted only where the error is so prejudicial as to vitiate the entire trial. Overton v. State, 801 So.2d 877 (Fla.2001); Duest v. State, 462 So.2d 446 (Fla.1985). When reviewing a trial court's ruling on a motion for a mistrial this court must affirm the ruling absent a showing of an abuse of discretion. See Wolcott v. State, 774 So.2d 954 (Fla. 5th DCA 2001). No such abuse can be found on this record because the trial court properly concluded that Smith's inadvertent comment did not constitute prejudice sufficient to vitiate the entire trial. See Sayad v. Alley, 508 So.2d 485 (Fla. 3d DCA 1987)(concluding that two passing references to "insurance" during the trial did not necessitate a mistrial).
Lastly, on cross-appeal, Smith argues that the trial court erred by failing to award her interest on the jury verdict from the date the verdict was rendered until the date the amended final judgement was entered. We affirm. See Amerace v. Stallings, 823 So.2d 110 (Fla.2002)(holding that interest does not *214 begin to accrue until the date of judgment not the date of verdict).
Case No. 5D01-1345 is AFFIRMED. Case No. 5D01-1216 is MOOT.[2]
SHARP, W., J. and PERRY, B., Associate Judge, concur.
NOTES
[1] Although not necessary in light of the finding of no concealment, we note that counsel's failure to articulate the type of lawsuits or claims which Pernod was being asked to disclose could constitute a lack of due diligence under the third prong of the De La Rosa test, thus precluding the grant of a new trial. See Roberts v. Tejada, 814 So.2d 334 (Fla.2002)(explaining that during voir dire trial counsel must take special care to explain in lay person's terms the words commonly used by attorneys).
[2] Appellants filed an initial notice of appeal from the trial court's final judgment (Case No. 5D01-1216). Thereafter, the trial court entered an amended final judgment, correcting a scrivener's error which appeared in the final judgment. A second, separate notice of appeal was filed by appellants as to that order (Case No. 5D01-1345). Upon motion of appellants, the two appeals were consolidated for purposes of appellate review. However, the filing of the second notice of appeal rendered the initial appeal moot.