944 So.2d 428 (2006)
PALM BEACH COUNTY HEALTH DEPARTMENT, an agency of the State of Florida, Appellant,
v.
Angela WILSON, Appellee.
Nos. 4D05-2397, 4D05-3594.
District Court of Appeal of Florida, Fourth District.
November 15, 2006.
Rehearing Denied January 8, 2007.
*429 Carri S. Leininger of Williams, Leininger & Cosby, P.A., West Palm Beach, for appellant.
Isidro M. Garcia of Garcia Law Firm, P.A., West Palm Beach, and Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, for appellee.
STONE, J.
Palm Beach County Health Department ("Department") appeals a final judgment entered in favor of its former employee, Angela Wilson (Wilson), on a whistleblower complaint. We reverse, concluding that it was an abuse of discretion to deny Department's motion for new trial based on juror misconduct in failing to disclose a pending lawsuit.
During voir dire, each panel member was asked, "Have you or any member of your immediate family ever been a witness or a party to a lawsuit (sued or been sued)?" By way of example, the trial judge gave a sample answer. In response to the question, several prospective jurors responded in the affirmative, describing their involvement in personal injury suits, criminal matters, worker's compensation cases, commercial litigation, and domestic violence issues. Prospective juror Smircich responded "no" to the question.
Department's counsel later asked the venire panel, "Can I see a show of hands of anyone that has brought any claim for damages? When I say claim, that doesn't have to rise to the level of lawsuit. You may have filled out a piece of paper. You may have made a call. But you made some kind of claim for damages. It can be property damage, personal injury. All kinds of different things can be claimed for damages." Smircich failed to respond to this inquiry as well and was ultimately seated as a juror.
After the verdict was rendered, the court granted leave to interview juror Smircich because she had failed to disclose that she was a defendant in an eminent domain action brought by Palm Beach County.
At the hearing on the motion, Smircich said she had joined a class action suit against Palm Beach County regarding property the county had taken through eminent domain. Smircich reported the property was taken from her in 2004. As far as she knew, the eminent domain proceeding was still pending. She stated that during voir dire, she did not remember the eminent domain suit.
When Smircich was asked, "And in terms of you holding any bitter feelings against the Palm Beach County Health Department, did you make any connection between the Palm Beach County Health Department and Palm Beach County itself?", *430 she responded, "No, because I had forgotten all about it." She was also asked, "Are you happy that you were sued by Palm Beach County for this eminent domain proceeding?", to which she said, "No. I'm not happy that they took my property and gave me less than what I paid for it."
Subsequent to the hearing, the court denied Department's motion for new trial.
We review an order on a motion for new trial based on juror concealment of information for abuse of discretion. Taylor v. Magana, 911 So.2d 1263, 1267 (Fla. 4th DCA 2005).
Courts employ a three-part test in determining whether a new trial should be granted as a result of juror non-disclosure. "First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party's lack of diligence." Roberts v. Tejada, 814 So.2d 334, 339 (Fla.2002) (citing De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995)).
"Nondisclosure is considered material if it is substantial and important so that if the facts were known, the defense may have been influenced to peremptorily challenge the juror from the jury." Id. at 341 (citations omitted). "Remoteness in time is one aspect to consider in determining the impact, if any, of a juror's prior exposure to the legal system on his present ability to serve in a particular case." Id. at 342 (citations omitted). "Other factors may include the character and extensiveness of the litigation experience, and the juror's posture in the litigation." Id. (citations omitted). "To be material, a prospective juror's litigation history does not necessarily have to involve an action similar to the one in which he or she may be required to serve." Id. at 341.
"[A] juror's nondisclosure need not be intentional to constitute concealment." Id. at 343. "[R]esolution of [the] `diligence' issue requires a factual determination regarding whether the explanations provided by the judge and counsel regarding the kinds of responses which were sought would reasonably have been understood by the subject jurors to encompass the undisclosed information." Id.
Here, Smircich's nondisclosure, though apparently unintentional, certainly meets the concealment prong. We are further satisfied that the due diligence prong was also met in the case at bar. See Roberts, 814 So.2d at 343-44; Taylor, 911 So.2d at 1269-70. Consequently, the only prong we are left to resolve is the materiality of the nondisclosure.
In this case, we find that the defense indeed may have been influenced to peremptorily challenge Smircich had the facts of her eminent domain suit been known. The class action suit was ongoing and, thus, was not remote in time to the voir dire questioning. Smircich was both a plaintiff in the class action suit against Palm Beach County and a defendant in the underlying eminent domain suit; her posture in this litigation was, therefore, at some point in accord with Wilson's posture as a plaintiff in her suit against Department. The fact that a whistleblower action is unrelated to an eminent domain action is, under these facts, of little import.
Our conclusion is supported by case law construing the materiality requirement, wherein most instances of nondisclosure have been found material. See Murphy v. Hurst, 881 So.2d 1157 (Fla. 5th DCA 2004) (providing a compilation of cases where Florida courts have found materiality present or lacking). We find the cases deeming *431 nondisclosure immaterial inapposite to this case. See, e.g., Leavitt v. Krogen, 752 So.2d 730 (Fla. 3d DCA 2000) (finding immateriality where juror in a medical negligence action stated she had seen a debt collection complaint filed on her behalf over ten years ago, but did not know if the complaint had been filed); Garnett v. McClellan, 767 So.2d 1229 (Fla. 5th DCA 2000) (holding nondisclosure immaterial where juror in automobile negligence case failed to reveal she had been in an automobile accident involving only property damage).
Additionally, we conclude that the trial court did not err in failing to grant summary judgment on the issue of failure to exhaust administrative remedies, where, as a matter of law, the Florida Commission on Human Relations had dismissed Wilson's complaint, providing her with a statutory basis to file the civil suit.
Therefore, we reverse and remand for a new trial. As to all other issues, we find no reversible error or abuse of discretion.
SHAHOOD and HAZOURI, JJ., concur.