957 So.2d 1194 (2007)
Diana PEREDA, Appellant/cross-appellee,
v.
Maria PARAJON, Food Service Refrigeration, Inc., and Carlos E. Linares, Appellees.
Maria Parajon, Cross-appellant,
v.
Diana Pereda, Food Service Refrigeration, Inc., and Carlos E. Linares, Cross-appellees.
Nos. 3D04-2832, 3D04-2975.
District Court of Appeal of Florida, Third District.
March 28, 2007.
Rehearing and Rehearing Denied June 14, 2007.
*1195 Bernstein, Chackman & Liss and Neil Rose, Hollywood, and V. Julia Luyster, Fort Lauderdale, for appellant/cross-appellee Diana Pereda.
Koltun & Lazar, P.A., and Scott Lazar; Lauri Waldman Ross, P.A., and Theresa L. Girten, Miami, for appellee/cross-appellant Maria Parajon.
Kubicki Draper, P.A., and Caryn L. Bellus, Miami, for appellees/cross-appellees Food Service Refrigeration, Inc. and Carlos E. Linares.
Before GERSTEN, CORTIÑAS, and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied June 14, 2007.
ROTHENBERG, Judge.
One of the defendants below, Diana Pereda ("Pereda"), appeals (1) a final judgment in favor of the co-defendants, Carlos E. Linares ("Linares") and Food Service Refrigeration, Inc. ("Food Service"), based on a jury verdict of no liability on the part of Linares; and (2) the trial court's post trial motion order (a) denying motions for new trial on the basis of juror nondisclosure; (b) denying motions for new trial based on Linares' expert witness' surprise trial testimony; and (c) granting an additur for future pain and suffering or in the alternative a new trial on the issue of future non-economic damages in favor of the plaintiff, Maria Parajon ("Parajon" or "plaintiff"). The plaintiff, Parajon, cross-appeals both orders but does not challenge the portion of the post trial motion order granting a new trial on the issue of future non-economic damages. Because we conclude the trial court abused its discretion in denying Parajon's motion for new trial based on a juror's nondisclosure of her prior litigation history, we reverse and remand for a new trial on all issues.
In May 2002, Parajon, who was sitting on a bus bench waiting for a bus, was injured when Pereda swerved to avoid hitting a van driven by Linares and owned by his employer, Food Service. Linares was making a u-turn from a left turning lane which turns into a shopping center where the bus bench is located. Parajon sued both drivers and Food Service for the injuries she suffered as a result of the accident.
During voir dire of the jury, Parajon's counsel asked the panel members the following:
Is there anybody sitting on this panel now that has ever been under the care *1196 of a physician for personal injuries, whether you had a lawsuit or not?
In other words, you may not have had any sort of lawsuit, but you slipped and fell, you got hurt, there is no claim brought, but you were under the care of a physician for personal injuries? Anybody?
Several prospective jurors responded in the affirmative, thereby allowing Parajon's counsel to ask follow-up questions to ascertain the particulars thereof. Prospective juror Lisa Berg ("Berg") did not respond to this inquiry. Subsequently, Parajon's counsel asked the panel members, "Anybody on the panel that is involvednot necessarily that has beenthat has accidentshave you had any accidents?" Again, Berg failed to respond to the inquiry. Parajon's counsel additionally asked all of the potential jurors sitting in Berg's row, "Is there anyone in this row that feels if the proper question had been asked by me, and I just did not ask the right question, you have not given a response, maybe it would help me in terms of evaluating this case? Anybody?" Berg, once again, failed to reveal that she had been involved in prior personal injury litigation. Berg was ultimately seated as a juror and selected as the foreperson.
After a four-day trial, the jury returned a verdict in favor of Parajon and against Pereda solely, finding no liability on the part of Linares, and awarding Parajon a total of $450,000.00.[1] Subsequent to the jury verdict, Parajon's counsel learned that Berg had previously been involved as a claimant in a personal injury case. Consequently, Parajon filed a motion to interview Berg and a motion for new trial based on Berg's nondisclosure of her prior personal injury litigation history. Defendant Pereda joined in Parajon's motion for new trial based on Berg's nondisclosure. The trial court granted Parajon's motion to interview Berg and she was subsequently interviewed.
When interviewed, Berg, a lawyer and a shareholder of a large law firm, admitted, for the first time, that she in fact had been involved in an automobile accident approximately three years prior to the accident in the instant case. Berg testified that she had been transported by ambulance to the hospital from the accident scene and that she had sustained injuries as a result of the accident. She further admitted that following her release from the hospital, she hired an attorney to represent her in making a claim for personal injuries resulting from the accident and that she had been under the care of an orthopedic surgeon for the treatment of these injuries. The claim was ultimately settled by her insurance company for $4,000.00 plus payment of her medical bills and property damage. When asked if she had any negative feelings about the settlement amount, Berg responded, "Well, I think everyone always wants more money." The trial court, satisfied with Berg's explanation, denied Parajon's motion for new trial based on juror nondisclosure, finding that Parajon failed to establish the materiality of Berg's nondisclosure since the record evidence demonstrated that "there is no basis to believe that plaintiff's counsel would have used a peremptory challenge to strike Ms. Berg had he known the information she disclosed at the interview."
*1197 We review an order granting or denying a motion for new trial based on juror nondisclosure for abuse of discretion. Palm Beach County Health Dep't v. Wilson, 944 So.2d 428, 430 (Fla. 4th DCA 2006); State Farm Fire & Cas. Co. v. Levine, 875 So.2d 663, 666 (Fla. 3d DCA 2004). To determine whether a juror's nondisclosure warrants a new trial, the complaining party must show that: (1) the information is relevant and material to jury service in the case; (2) the juror concealed the information during questioning; and (3) the failure to disclose the information was not attributable to the complaining party's lack of diligence. Roberts v. Tejada, 814 So.2d 334, 339 (Fla.2002)(citing De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995)); Bernal v. Lipp, 580 So.2d 315, 316 (Fla. 3d DCA 1991). Because all three prongs were clearly established, we conclude that the trial court abused its discretion in denying Parajon's motion for a new trial.
The first prong requires that the complaining party establish that the nondisclosed matter was relevant and that the nondisclosure was material to jury service on the case. Roberts, 814 So.2d at 339. There is no "bright line" test for materiality and thus, materiality must be based on the facts and circumstances of each case. "Nondisclosure is considered material if it is substantial and important so that if the facts were known, the [complaining party] may have been influenced to peremptorily challenge the juror from the jury." Id. at 341. "Remoteness in time is one aspect to consider in determining the impact, if any, of a juror's prior exposure to the legal system on his present ability to serve in a particular case." Id. at 342; Wilson, 944 So.2d at 430. "Other factors may include the character and extensiveness of the litigation experience, and the juror's posture in the litigation." Roberts, 814 So.2d at 342.
We find, in this instance, that both Parajon's and Pereda's respective counsels may indeed have been influenced to challenge Berg peremptorily had the facts of her personal injury litigation history been known. Berg's personal injury claim, although settled out of court, was not so remote in time as to not be considered material. Furthermore, Berg was a plaintiff in a personal injury matter, which the record indicates she settled out of court at the urging of her parents in order to put the matter behind her. Certainly, her involvement in this matter may have affected her point of view in the action. We, therefore, conclude that her nondisclosure, which precluded counsel's ability to question Berg about the experience and to fairly evaluate her as a prospective juror, was material.
It is clear from the record that Berg concealed her personal injury litigation history, which is the second prong of the test. She is a lawyer and an officer of the court. It is, therefore, difficult to imagine that she did not think the questions posed by Parajon's counsel applied to her. See De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995)(concluding that "in view of the juror's involvement with so many lawsuits, it is difficult to believe he simply did not think the questions posed by counsel applied to him"). We need not, however, make a credibility determination because whether or not her concealment was intentional is of no import, since the courts have emphasized numerous times that, "`a juror's nondisclosure need not be intentional to constitute concealment,' because the impact remains the same, counsel is prevented from making an informed judgment regarding the composition of the jury and the utilization of his or her peremptory challenges." Taylor v. Magana, 911 So.2d 1263, 1268 (Fla. 4th DCA 2005)(quoting *1198 Roberts, 814 So.2d at 343-44); see also Wilson, 944 So.2d at 430.
The final part of the test, due diligence, also clearly was met by Parajon's counsel. "The `due diligence' test requires that counsel provide a sufficient explanation of the type of information that potential jurors are being asked to disclose, particularly if it pertains to an area about which an average lay juror might not otherwise have a working understanding." Roberts, 814 So.2d at 343. "Resolution of the `diligence' issue requires a factual determination regarding whether the explanations provided by the judge and counsel regarding the kinds of responses which were sought would reasonably have been understood by the subject jurors to encompass the undisclosed information." Wilson, 944 So.2d at 430 (quoting Roberts, 814 So.2d at 343). The record evidence demonstrates that other prospective jurors, none of whom were lawyers, clearly understood what type of information Parajon's counsel was asking them to disclose. It is hard to imagine that Berg, a lawyer and partner of a large law firm who admitted that her practice involves litigation, did not understand the questions being posed to her and the venire by Parajon's counsel. Consequently, we find that Parajon's counsel made a diligent inquiry of each of the prospective jurors regarding any involvement in personal injury litigation, whether as a party or otherwise.
Because we find that all three prongs of the test were met, we conclude that the trial court abused its discretion in failing to grant Parajon's motion for a new trial based on juror nondisclosure and, therefore, reverse and remand for a new trial. In light of our decision to grant a new trial based on juror Berg's nondisclosure of her personal injury litigation history, we need not and, therefore, decline to decide the other issues on appeal.
REVERSED and REMANDED.
NOTES
[1] The $450,000.00 damages award consisted of $146,236.71 in past medical expenses; $85,000.00 in future medical expenses; $100,000.00 in past pain and suffering; and $118,763.29 in future pain and suffering. Along with other post-trial motions, Parajon filed a motion for additur as to future pain and suffering, which the trial court granted, increasing the award of future non-economic damages to $600,000.00. Pereda, however, rejected the additur amount, thereby entitling Parajon to a new trial on future non-economic damages only.