SCHWARTZ, Senior Judge.
This case represents a classic instance of the proper application of the rule which invalidates verdicts which are tainted by juror misconduct during voir dire. The record conclusively demonstrates that a member of the jury which rendered a substantial plaintiffs verdict in this seaman’s[1] personal injury action flat out lied, both in writing in an answer to the jury questionnaire and in open court by his failure to respond to the court’s and counsels’ specific questions on the point, when he denied personal involvement in any other litigation. In fact, as was revealed shortly after the verdict, he was then the plaintiff in a personal injury action pending in the circuit court which was set for trial a short time thereafter. In these circumstances, we find no basis for the trial court’s failure to grant a new trial based on that juror’s misconduct. See Johnston v. State, 63 So.3d 730 (Fla.2011); De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995); Loftin v. Wilson, 67 So.2d 185 (Fla.1953); State Farm Mut. Auto. Ins. Co. v. Lawrence, 65 So.3d 52 (Fla.2d DCA 2011); Murphy v. Hurst, 881 So.2d 1157, 1161 (Fla. 5th DCA 2004); Davis v. Cohen, 816 So.2d 671 (Fla. 3d DCA 2002); Bernal v. Lipp, 580 So.2d 315 (Fla.3d DCA 1991). The appellee’s defensive contentions to the contrary are without merit. See Roberts v. Tejada, 814 So.2d 334 (Fla.2002); Pereda v. Parajon, 957 So.2d 1194 (Fla. 3d DCA 2007); Taylor v. Magana, 911 So.2d 1263 (Fla. 4th DCA 2005).[2]
Accordingly, we reverse for a new trial.

. The plaintiff was a trumpet player in the defendant's cruise ship orchestra.

. This holding moots the issues raised by plaintiff on cross-appeal.