659 So.2d 239 (1995)
Lourdes DE LA ROSA, as Personal Representative of the Estate of Manuel De La Rosa, deceased, Petitioner,
v.
Marcos A. ZEQUEIRA, Respondent.
No. 83369.
Supreme Court of Florida.
May 11, 1995.
Rehearing Denied August 25, 1995.
Herman J. Russomanno and Paul M. Bunge of Floyd, Pearson, Richman, Greet, Weil, Brumbaugh & Russomanno, P.A., Miami, for petitioner.
Philip D. Parrish and Marlene S. Reiss of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for respondent.
ANSTEAD, Justice.
We have for review Zequeira v. De La Rosa, 627 So.2d 531 (Fla. 3d DCA 1993), based on conflict with Mitchell v. State, 458 So.2d 819 *240 (Fla. 1st DCA 1984), Mobil Chemical Company v. Hawkins, 440 So.2d 378 (Fla. 1st DCA 1983), review denied, 449 So.2d 264 (Fla. 1984), and Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972), cert. denied, 275 So.2d 253 (Fla. 1973). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the Third District's decision with instructions to reinstate the trial court's order granting a new trial because a juror failed to disclose his prior litigation history.

TRIAL AND APPELLATE PROCEEDINGS
Lourdes De La Rosa (De La Rosa), as personal representative of her deceased husband's estate, brought a medical malpractice action against various defendants, including Dr. Marcos Zequeira (Zequeira). During voir dire at trial, De La Rosa's counsel asked the prospective jurors whether any of them, their family members, or close friends had ever been a party to a lawsuit as a plaintiff or as a defendant. In response to counsel's questions, one juror described a workers' compensation claim he had filed to recover for an injury to his hand. Another juror said she had been a plaintiff in a personal injury suit. A third juror explained that, as a planner for a condominium, he had represented the condominium in approximately 70 to 80 lawsuits. Yet another explained that he had been involved in a lawsuit involving his company. Throughout this entire question and answer colloquy, one of the jurors, who was later selected as the foreperson, remained silent.
After a trial, the jury returned a verdict against De La Rosa. In a motion for new trial, De La Rosa asserted that the jury foreperson's failure to divulge his participation in numerous prior lawsuits constituted material misconduct which entitled De La Rosa to a new trial. The trial court granted the motion,[1] but the Third District, by a two-to-one vote, reversed and reinstated the jury's verdict.

LAW AND ANALYSIS
In Loftin v. Wilson, 67 So.2d 185 (Fla. 1953), we explained the major reasons for interviewing jurors on voir dire:

*241 [T]o ascertain whether a cause for challenge exists, and to ascertain whether it is wise and expedient to exercise the right to peremptory challenge given to parties by the law... .
It is the duty of a juror to make full and truthful answers to such questions as are asked him, neither falsely stating any fact, nor concealing any material matter, since full knowledge of all material and relevant matters is essential to the fair and just exercise of the right to challenge either peremptorily or for cause. A juror who falsely misrepresents his interest or situation, or conceals a material fact relevant to the controversy, is guilty of misconduct, and such misconduct, is prejudicial to the party, for it impairs his right to challenge.
Id. at 192 (quoting Pearcy v. Michigan Mut. Life Ins. Co., 111 Ind. 59, 12 N.E. 98, 99-100 (1887)).
In determining whether a juror's non-disclosure of information during voir dire warrants a new trial, courts have generally utilized a three-part test. Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972), cert. denied, 275 So.2d 253 (Fla. 1973). First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party's lack of diligence. Id. at 380. We agree with this general framework for analysis and note that the trial court expressly applied this test in its order granting a new trial.
On numerous occasions, our appellate courts have reversed for jury interviews or new trials, where jurors allegedly failed to disclose a prior litigation history or where other information relevant to jury service was not disclosed. Bernal v. Lipp, 580 So.2d 315 (Fla. 3d DCA 1991); Indus. Fire & Cas. Ins. Co. v. Wilson, 537 So.2d 1100 (Fla. 3d DCA 1989); Mitchell v. State, 458 So.2d 819 (Fla. 1st DCA 1984); Smiley v. McCallister, 451 So.2d 977 (Fla. 4th DCA 1984); Mobil Chemical Company v. Hawkins, 440 So.2d 378 (Fla. 1st DCA 1983); and Skiles v. Ryder Truck Lines, Inc., 267 So.2d 379 (Fla. 2d DCA 1972). Similarly, we find that the trial court here acted well within its authority in concluding that the juror's failure to disclose his prior history of litigation deprived De La Rosa of a fair and impartial trial.
The majority opinion in the district court appeared to be particularly concerned that the juror's prior litigation history did not include a case like the one being tried and that, since the juror remained silent, there was no certainty that he heard and understood the questions. Judge Baskin's dissent responded to these concerns and we quote with approval that response:
Here, as in Bernal [v. Lipp, 580 So.2d 315 (Fla. 3d DCA 1991)], the juror's involvement in six prior lawsuits as both defendant and plaintiff is material. He was a defendant in five prior lawsuits brought by creditors; his involvement may well have affected his point of view in this action. Moreover, in view of the juror's involvement in so many lawsuits, it is difficult to believe he simply did not think the questions posed by counsel applied to him. Bernal should not be viewed as distinguishable from this case on the ground that this juror's involvement was not in a personal injury action: A person involved in prior litigation may sympathize with similarly situated litigants or develop a bias against legal proceedings in general. In these circumstances, counsel must be permitted to make an informed judgment as to the prospective juror's impartiality and suitability for jury service.
The concealment prong of the test was also met in this case: the juror failed to respond truthfully to counsel's questions concerning his litigation participation. See Industrial Fire & Casualty Ins. Co. v. Wilson, 537 So.2d 1100 (Fla. 3d DCA 1989). As the trial court stated in its order, "[t]he courtroom is quite small and Plaintiff's attorney was standing no more than 5 feet away from the jury panel." There were several questions regarding involvement in prior lawsuits including whether the jurors were involved in `a commercial dispute where you have been involved as a litigant.' There is no record basis supporting a conclusion that the juror *242 did not listen to or hear any of counsel's questions. Assuming, arguendo, that the juror had no intention of misleading counsel, "the omission nonetheless prevented counsel from making an informed judgment  which would in all likelihood have resulted in a peremptory challenge." Bernal, 580 So.2d at 316-17. The majority's holding that a juror's failure to answer counsel's question does not constitute concealment precludes collective questioning of jurors and will compel attorneys to obtain individual oral or written responses in order to fulfill the concealment prong of the Bernal test.
Zequeira v. De La Rosa, 627 So.2d 531, 533-34 (Fla. 3d DCA 1993) (Baskin, J., dissenting) (footnotes omitted).
Judge Baskin's dissenting opinion contains a complete yet concise analysis of all of the issues involved herein. Rather than repeat that analysis, we approve and adopt her opinion as our own.
Accordingly, we quash the Third District decision and remand with instructions to affirm the trial court's order for a new trial.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING and WELLS, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Justice, dissenting.
I dissent. Before a party to a lawsuit should be denied the benefit of a favorable verdict and forced to endure the time and expense of a new trial based on juror misconduct, the trial court should, at a minimum, interview the juror, with the attorneys present, and then make a finding of whether the conduct was intentional and whether any party was prejudiced. To deny any party to a lawsuit, whether plaintiff or defendant, the benefit of a favorable verdict without following this simple procedure is a severe sanction and, in my view, deprives that party of the right to due process. I note that the facts that the trial court found necessitated "a completely fair and impartial jury" in this case (i.e., complex medical malpractice case, six-day trial, close issues, and superior trial attorneys) would justify a thorough hearing on a juror misconduct claim before a verdict is set aside.
The evidence in this record does not establish intentional misconduct on the part of anyone. There is no suggestion that the defendant in this case acted improperly. In addition, I find that the juror's silence and failure to respond to a question asked of the jury as a whole and not directly asked of this individual juror does not per se establish either an intention to mislead on the part of the juror or prejudice to the plaintiff in this case.
Under the circumstances of this case, I would hold that the defendant should not have been deprived of his favorable verdict without the benefit of a full hearing and inquiry of the juror. I would approve the decision of the district court.
NOTES
[1] The order provides:

This cause came on to be heard before the Court on Plaintiff's Motion for New Trial. The basis for the motion is the verdict is based upon juror misconduct.
This is a complex medical malpractice case, the trial of which lasted 6 days. The issues were very, very close and could have been decided for either Plaintiff or Defendants. The attorneys handling the trial were among the very best of our trial bar. It was vital to everyone's case to have a completely fair and impartial jury.
During jury selection, Plaintiff's counsel asked the following question:
`Has anyone, and I think Mr. Torres you have mentioned it to me, but has anyone been a Defendant? Now [I']m just going to reverse the question. Before the question was whether you have brought the suit as the Plaintiff. Has anyone been a defendant in a case, yourself, a very close family member or a very close friend?'
Mr. Louis Edmonson did not respond. He was subsequently selected to serve on the jury and in fact became its foreperson.
Mr. Edmonson failed to disclose that he was a named Defendant in at least 6 lawsuits.
It is Plaintiff's burden to meet the 3 pronged test set forth in Schofield vs. Carnival Cruise Lines, 461 So.2d 152 (Fla.App. 3rd D.C.A. 1984). Plaintiff must demonstrate:
1. The facts concerning the area of inquiry must be material;
2. The facts must be concealed by the juror upon his voir dire examination; and
3. The failure to discover the concealed facts must not be due to the want of diligence of the complaining party.
The Plaintiff has clearly met the test. Defendants argue that this concealment is not material. It is hard for this Court to see what could be more relevant than a potential jury [sic] hiding his involvement in litigation.
Defendants then argue Plaintiff has failed to establish concealment because we cannot be sure Mr. Edmonson heard the question. This is ludicrous. The courtroom is quite small and Plaintiff's attorney was standing no more than 5 feet away from the jury panel.
Defendant's argument that Plaintiff failed to use due diligence is not worthy of comment by the Court.
The juror was well aware of these suits. In one, he was sued for $7,687.00 and after judgment entered into negotiations for payment of the judgment and had a Final Judgment in garnishment entered against him only 2 months prior to jury selection.
In another case, he appeared at a deposition in aid of execution only 6 months before jury selection.
These were material facts concealed by the potential juror. This warrants the granting of a new trial. Perl vs. K-Mart Corp., 493 So.2d 542 (Fla.App. 3rd D.C.A. 1986).