766 So.2d 341 (2000)
Sara SILVA, Appellant,
v.
Elliott LAZAR, Appellee.
No. 4D99-3023.
District Court of Appeal of Florida, Fourth District.
June 21, 2000.
Russell S. Adler of Karmin & Adler, Fort Lauderdale, for appellant.
Esther A. Zaretsky of Law Offices of Esther A. Zaretsky, West Palm Beach, for appellee.

*342 ON MOTION FOR REHEARING

STONE, J.
We deny Appellant's motion for rehearing, but withdraw our opinion issued April 5, 2000, and substitute the following in its place:
We affirm the trial court order denying Appellant's motion for new trial grounded on two jurors' failure to disclose prior litigation history.
Silva sued Lazar in negligence for personal injuries sustained by Silva on an amusement park ride. At trial, the court, in voir dire, asked each juror, including jurors Waples and Skinner, whether they had been involved in any lawsuits. Waples responded as follows:
I have never been involved in any lawsuits and I was involved in an accident thirty-six years ago, I was hurt in the accident at that time and that's it.
Skinner responded:
I was involved in a lawsuit about six years ago. I had an accident and someone hit me head on. I had a sprained back, sued for medical damages and basically that's it.
The jury trial resulted in a finding of no liability. Silva learned post-trial that Waples and Skinner had been involved in lawsuits that they had not disclosed.
The two jurors were brought in for an interview. When presented with the fact of a lawsuit that he had filed in small claims court in 1992, Waples stated, "Oh yeah.... I remember that now." He explained that a part had been replaced in his copy machine, and the part was defective. He sued in small claims court but realized when he got to court that he had sued the wrong person so he dropped the entire matter. Waples then stated his belief that "small claims court isn't considered a suit."
Skinner was asked whether he recalled being involved in a tenant eviction in 1992, a paternity action in 1992, and a tenant eviction in 1994; Skinner responded that he was not involved in any of these actions. Skinner stated that he had lived in one of the apartments owned by the plaintiff in one of the evictions but had moved out voluntarily and had never been served with eviction papers. He did not recognize the name of the other landlord. As to the paternity case, Skinner stated that the child at issue is his child and that he had received a letter requiring him to go to court because the mother of the child, with whom he resides, had applied for food stamps. He went to court; the judge went off the record and told him to pay the child support. Skinner stated that he never understood that a lawsuit had been filed regarding this matter. Skinner was asked his understanding of the term "lawsuit," and he responded, "I hurt somebody or someone hurt me and they [sic] suing me for damages."
In De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995), the supreme court set forth a three prong test for determining whether juror non-disclosure of information during voir dire warrants a new trial:
First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party's lack of diligence.
Id. at 241 (citation omitted).
We recognize that in determining whether a prior lawsuit is material to the case, it is not necessary that the prior case be of the same type. See Castenholz v. Bergmann, 696 So.2d 954 (Fla. 4th DCA 1997)(affirming grant of new trial). Therefore, the character of the lawsuits involving either jurors does not preclude a finding that the first prong has been met.
The second prong requires concealment of information during questioning. See De La Rosa. In this case, the two jurors did not intentionally conceal the information. *343 They were either unaware of their prior litigation history or that the cases were considered to be lawsuits. In order to show concealment, it has been recognized that the moving party must demonstrate (among other things) that the voir dire question was straightforward and not reasonably susceptible to misinterpretation. See Tejada v. Roberts, 760 So.2d 960(Fla. 3d DCA 2000), dec. clarified, (Fla. 3d DCA May 3, 2000).
As observed by the court in Tejada, where the prospective juror failed to disclose a domestic violence petition she had brought when asked whether she had been a party to a lawsuit,
We do not think that a reasonable juror would conclude that a petition for domestic violence amounts to a "lawsuit" for purposes of the voir dire questions that were asked. Indeed, it may not be clear to the average juror that a petition for domestic violence injunction is actually a civil, as opposed to criminal matter....
We also suggest that the court and counsel tread on thin ice when they assume that a juror knows exactly what a "lawsuit" is.
760 So.2d at 964. The cogency of these words could not be more apparent than when reading the responses of the jurors in this case when asked about their prior litigation history. The jurors were completely unaware that the term lawsuit applied to them. Thus, the second De La Rosa prong was not met.
The third part of the test, whether the failure to disclose the information was attributable to the complaining party's lack of diligence, must also be resolved against Appellant. If it is recognized that a lay person may fail to equate a small claims action, an eviction, or a paternity suit with the term "lawsuit," we question whether a party may justifiably rely on responses to the generalized question of prior involvement in a lawsuit and, further, whether any such reliance could possibly satisfy counsel's burden of diligence in ferreting out the desired information. We deem counsel's failure to inquire further a lack of diligence under these circumstances.
We also agree with the conclusion in Tejada that in most instances, counsel could "check the juror's names against the clerk's lawsuit index at the conclusion of jury selection." 760 So.2d at 966. Failure to make such a timely search where it would have uncovered the offending information, rather than waiting to do so after the verdict, may be at least some evidence of a lack of diligence.
As Appellant failed to meet at least two of the three parts to the De La Rosa test, the order denying motion for new trial is affirmed.
DELL and STEVENSON, JJ., concur.