SHEPHERD, J.,
specially concurring.
I concur in the judgment on the ground that the juror nondisclosures in this case were not material within the meaning of Roberts v. Tejada, 814 So.2d 334, 340 (Fla.2002), and its progenitor, De La Rosa v. Zequeira, 659 So.2d 239, 241 (Fla.1995). I am less sanguine about the majority conclusion that there was no concealment or “deliberate misstatement” within the meaning of the controlling case law in this area. However, because materiality is a sine qua non to the grant of a new trial on the basis of juror nondisclosure, Tejada, 814 So.2d at 339 (delineating three elements, all of which must exist for a party to be awarded a new trial on the basis of juror nondisclosure), we need not reach that question. See Mann v. State, 937 So.2d 722, 730 (Fla. 3d DCA 2006) (Shepherd, J., specially concurring)(noting that “[the] procedural ground [was] a sufficient ground to affirm the decision of the trial court” and therefore declining to join remainder of majority opinion); N. Fla. Women’s Health & Counseling Servs., Inc. v. State, 866 So.2d 612, 640 (Fla.2003) (declining to address remaining constitutional claims in case because unnecessary to disposition of the case); see also PDK Labs., Inc. v. United States DEA, 362 F.3d 786, 799 (D.C.Cir.2004)(Roberts, J., concurring) (“[I]f it is not necessary to decide more, it is necessary not to decide more ... ”).