MAY, C.J.
 

 The plaintiffs appeal an order granting the defendants’ motion for a new trial based upon the failure of two jurors to disclose their involvement in other litigation. They argue the court abused its discretion in granting the new trial. We agree and reverse.
 

 While the husband was running an errand for his employer, he was rear-ended by a vehicle driven by the individual defendant. He and his wife sued the driver for negligence and the husband’s employer’s uninsured motorist’s carrier [UM carrier].
 

 After the verdict was entered, the UM carrier filed a motion and an amended motion for new trial. One basis for the motion was the alleged non-disclosure of prior litigation history by two jurors.
 
 [1]
 
 While the motion contained multiple other grounds, the trial court granted the new trial solely on the issue of juror nondisclosure.
 

 During
 
 voir dire,
 
 the trial court told prospective jurors the case involved a rear-end accident for which liability was admitted, and the only issue was the amount of damages. The court then asked each juror in the first panel the following, or similar, question: “Have you ever been in court for any reason, traffic, divorce, whatever?” Some prospective jurors revealed traffic tickets, juvenile offenses, and divorces. Some panel members answered “no.”
 

 Juror One was specifically asked and gave the following responses:
 

 The Court: Have you ever been in court before?
 

 Juror One: Yes, I’ve been in court before.
 

 The Court: What kind of case?
 

 
 *292
 
 Juror One: I guess it would be civil. I had a son that I had to be guardianship over his money when he was young.
 

 When plaintiffs’ counsel asked prospective jurors about accidents that they were in, Juror One responded she was sideswiped by someone whose insurance paid for her damaged vehicle. When asked whether any juror had seen an occupational therapist, Juror One stated she had carpal tunnel surgery on both hands and went to an occupational therapist through worker’s compensation.
 

 The UM carrier’s attorney then asked: Have any of you ever worked with individuals that claim they were injured on the job and you’re kind of looking at them and saying, come on, what [sic] going on here? Has everybody had that experience or had friends or so forth that sort of are taking advantage of the situation? Juror One, you’re kind of nodding your head, you’ve seen that? Juror One: Yes.
 

 The UM carrier’s counsel asked prospective jurors about juries on which they had served. One prospective juror had been on a jury in a case where the UM carrier was the defendant. Thereafter both parties accepted Juror One.
 

 The court then called in the second panel of prospective jurors, including Juror Two. The trial court did not question them at all, but allowed plaintiffs’ counsel to proceed. He began questioning Juror Two and the others about their residences, work, families, and jury service. Juror Two responded that she had been a juror in a criminal domestic violence case.
 

 Plaintiffs’ counsel asked the new panel members if they had “ever been, other than possible jury service, have [they] ever been in court for anything?” After a couple answered, counsel went directly to Juror Two. “Have you ever been to court?”, to which she responded, “No.” The others either answered no or indicated their participation in traffic court.
 

 When the UM carrier’s counsel questioned members of the second panel, he asked Juror Two about her job, which she had for twenty years. He finished his questioning quickly. When asked, both counsel accepted Juror Two.
 

 When the UM carrier filed its motion and amended motion for new trial, it attached Case Summary sheets printed from the Broward County Clerk of Courts. The first was a case of Repeat Domestic Violence involving Juror Two. It indicated that a disposition had been entered, but not the nature of the disposition or whether Juror Two had been to court.
 

 A Case Summary sheet for Juror One involved the approval of a minor’s settlement and indicated that Juror One was the defendant. Juror One was the defendant in an action for damages between $500 and $2500, and in five tenant eviction proceedings. Another Case Summary sheet showed a 2008 action against Juror One for damages between $500 and $2500. None of these matters were disclosed in response to the questions asked during
 
 voir dire.
 
 None of the Case Summary sheets revealed whether Juror One had been in court.
 

 The trial court held two hearings on the motion for new trial. The UM carrier argued the civil claims and eviction actions against Juror One, the foreperson, were relevant and material and had not been disclosed. Plaintiffs’ counsel reminded the court that Juror One had been asked only if she had ever been in court, and that the litigation history was not material.
 

 The trial court indicated it wanted to review the transcripts of
 
 voir dire,
 
 before making a decision on the issue. At the second hearing, the UM carrier presented
 
 *293
 
 an Order stipulating to the settlement of the 2008 claim against Juror One. It was signed by Juror One and by the county court on the same date. The UM carrier argued Juror One’s failure to disclose this information was a material misrepresentation. Plaintiffs’ counsel responded that the order did not establish that Juror One had been in court to sign the stipulation.
 

 The trial court asked about the other cases involving Juror One; the UM carrier apprised the court of the other collection claim and the eviction proceedings. While admitting the paperwork did not prove that Juror One had actually been in court, the UM carrier argued that counsel should have had the opportunity to explore if Juror One felt victimized by a big corporation. Plaintiffs’ counsel reminded the court that the UM carrier had asked the jurors’ opinions about big corporations during
 
 voir dire.
 

 The UM carrier also filed a copy of a Petition for Injunction for Protection Against Repeat Violence filed by Juror Two in 2000, and an Order of Dismissal of a Temporary Injunction for Protection Against Repeat Violence, indicating insufficient evidence. The UM carrier suggested the order had been handed to Juror Two in open court.
 

 While expressing that he was bothered by the outcome, the trial court entered an order granting the motion for new trial based on the nondisclosure of litigation matters by Jurors One and Two. The court denied the motion in all other respects.
 

 “A trial court’s order on a motion for new trial grounded on juror concealment of information is reviewed for an abuse of discretion.”
 
 Wiggins v. Sadow,
 
 925 So.2d 1152, 1154 (Fla. 4th DCA 2006).
 

 The premier case on juror nondisclosure is
 
 De La Rosa v. Zequeira,
 
 659 So.2d 239 (Fla.1995). There, our supreme court reiterated the three-part test used to evaluate juror nondisclosure in the context of a motion for new trial. “First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party’s lack of diligence.”
 
 Id.
 
 at 241. The plaintiffs argue that none of the three-part analysis was satisfied, and the trial court abused its discretion in granting the UM carrier’s motion for new trial.
 

 The plaintiffs first argue the information omitted by the two jurors was not material. “The test is not simply whether information is relevant and material in general, but whether it is ‘relevant and material to jury service
 
 in the case.’
 
 ”
 
 Roberts v. Tejada,
 
 814 So.2d 334, 340 (Fla.2002) (quoting
 
 De La Rosa,
 
 659 So.2d at 241). “Materiality must be analyzed on a case-by-case basis....”
 
 Id.
 

 Juror Two filed a domestic violence petition in 2000, nine years before the trial in this case. And, she admitted during questioning having been involved as a juror in a similar action. Not only are the two cases dissimilar in nature, they are remote in time. It is highly unlikely the UM carrier would have peremptorily challenged Juror Two on this basis. Juror Two’s nondisclosure was not material to jury service in this case.
 

 The litigation history of Juror One is less clear. The collection and eviction matters were dissimilar to the present case and involved small sums of money, but that alone does not make the litigation history immaterial.
 
 See De La Rosa,
 
 659 So.2d at 241 (acknowledging that prior litigation might be dissimilar, but the infor
 
 *294
 
 mation is not rendered immaterial). However, the UM carrier’s counsel accepted other jurors who disclosed prior insurance claims and car accidents with injuries. Even Juror One admitted to a prior car accident in which she was paid for vehicular damage and a worker’s compensation claim for which she received occupational therapy. Given these facts, it is difficult to conclude the litigation history was material to her service on this jury. Regardless, the other two parts of the analysis weigh against a new trial.
 

 The second part of the analysis concerns the juror’s concealment of information. In order to establish concealment, “ ‘the moving party must demonstrate (among other things) that the
 
 voir dire
 
 question was straightforward and not reasonably susceptible to misinterpretation.’ ”
 
 Birch v. Albert,
 
 761 So.2d 355, 360 (Fla. 3d DCA 2000) (quoting
 
 Tejada v. Roberts,
 
 760 So.2d 960, 963 (Fla. 3d DCA 2000)). “[A] juror’s answer cannot constitute concealment, where the juror’s response ... about litigation history is ambiguous, and counsel does not inquire further to clarify that ambiguity.”
 
 Id.
 
 at 358.
 

 Here, both jurors were simply asked if they had been in court. The UM carrier was unable to establish that Juror One had ever actually been in court. Juror One was not asked if she had been involved in litigation, had been a party or witness, or asked any details concerning other litigation. In fact, when Juror One explained her involvement in a guardianship matter, no further questions were asked. Juror Two actually revealed that she had been a juror in a domestic violence case, but again no further inquiry was made. Because the question concerning their presence in court was very generic, it could easily have been understood to refer only to times the prospective jurors were actually in court. We cannot say these jurors concealed facts now claimed to be material to their service as jurors in this case.
 
 See, e.g., Simon v. Maldonado,
 
 65 So.3d 8 (Fla. 3d DCA 2011) (finding the elements of concealment and due diligence were not demonstrated).
 

 The third step in the analysis requires us to review counsel’s “due diligence.” Here, both jurors admitted some litigation history, but no questions were asked to develop information that may have caused the UM carrier to challenge them. Quite simply, the jurors were not asked pertinent questions to elicit information about their litigation history. The UM carrier cannot now fault the jurors for not being more forthcoming given the very basic question asked of them.
 

 While the UM carrier did not have the benefit of all the litigation history of these two jurors, there was no evidence of active concealment, and no evidence of diligence on the part of trial counsel to seek additional information. While we cannot say that the litigation history of Juror One was not material, the other two prongs of the analysis were not satisfied. A review of the transcript reveals the trial court leaped to the conclusion that a new trial was warranted simply because the two jurors had been involved in other litigation regardless of the fact that no one bothered to ask them. We find an abuse of discretion in the trial court’s granting a new trial.
 

 Reversed and Remanded for Reinstatement of the Jury Verdict.
 

 TAYLOR and CONNER, JJ., concur.
 

 [1]
 

 . The jurors will be referred to as Juror One and Juror Two for ease of reference.