JACOBUS, J.
 

 Kenneth Michael Hicks timely appeals an order granting Kurt Wipperfurth’s motion for new trial. Wipperfurth filed a cross-appeal, raising several issues. After considering all the issues, we conclude the trial court did not err in granting Wipper-furth’s motion for a new trial and, therefore, affirm.
 

 This case stems from an automobile accident involving both Hicks and Wip-perfurth. Based on that incident, Wip-perfurth sued Hicks, claiming Hicks negligently operated his truck and improperly changed lanes causing his vehicle to strike the car driven by Wipper-furth. After a four-day trial, the jury returned a verdict in favor of Hicks, finding no negligence on his part. Wip-perfurth subsequently filed a motion for new trial based on juror nondisclosure. That motion alleged, in part, that a juror failed to disclose: (1) prior felony convictions, and (2) that he had been involved in several automobile accidents in the past. The motion further alleged that one of the accidents occurred fewer than two years before the trial and the juror was found to be at fault for improperly changing lanes.
 

 
 *299
 
 The trial court granted Wipperfurth’s motion after concluding that the undisclosed information was material. This conclusion was based on the finding that, had plaintiffs counsel known of the undisclosed information, it “may well have led to a peremptory challenge.” On appeal, Hicks argues that the trial court’s finding was based on the wrong standard.
 

 In
 
 De La Rosa v. Zequeira,
 
 659 So.2d 239 (Fla.1995), the supreme court set out the standards for granting a new trial based on juror nondisclosure during voir dire. In determining whether a juror’s nondisclosure of information requires a new trial, courts use a three-prong test.
 
 Id.
 
 at 241. First, the party requesting a new trial must show that the undisclosed information “is relevant and material to jury service in the case.”
 
 Id.
 
 Second, the complaining party must prove that the juror concealed the information.
 
 Id.
 
 And third, the party must show that the “failure to disclose the information was not attributable to the complaining party’s lack of diligence.”
 
 Id.
 
 As to the first prong, the supreme court would later explain that materiality is shown only “where the ‘omission of the information prevented counsel from making an informed judgment-which would in all likelihood have resulted in a peremptory challenge.’ ”
 
 State Farm Fire & Cas. Co. v. Levine,
 
 837 So.2d 363, 365 (Fla.2002) (quoting
 
 Roberts v. Tejada,
 
 814 So.2d 334, 340 (Fla.2002)).
 

 Here, the trial court applied a standard which asked whether a peremptory challenged “may” have been exercised if the undisclosed information were known. This is not the standard discussed in
 
 Levine.
 
 Normally we would reverse and remand the matter to the trial court for a determination as to whether or not a new trial should be granted based upon the proper standard; however, the trial judge below has since retired from the bench and the parties agreed at oral argument that this court is in just as good a position as the trial court to determine whether or not a new trial is appropriate under these circumstances.
 

 We have reviewed the record in its entirety and it is apparent that Wipper-furth’s counsel met all the factors set forth in
 
 De La Rosa.
 
 Further, we find that the undisclosed information prevented counsel from making an informed judgment, which in all likelihood would have resulted in a peremptory challenge. Therefore, we agree that a new trial should be granted. The remaining issues on appeal are without merit and are affirmed. The cross-appeal is moot, and the order granting a new trial is affirmed.
 

 NEW TRIAL GRANTED, remaining issues AFFIRMED, Cross-Appeal MOOT, Order Granting New Trial is AFFIRMED.
 

 EVANDER and COHEN, JJ., concur.