EMAS, J.,
concurring specially.
I concur with the majority, but write separately to discuss the third prong of the three-pronged test established in De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995). In De La Rosa, the Florida Supreme Court held that a party seeking a new trial *189 for a juror’s nondisclosure of information must establish that:
1. The information is relevant and material to jury service in the case;
2. The juror concealed the information during questioning; and
S. The failure to disclose the information was not attributable to the complaining party’s lack of diligence.
Seven years later, in Roberts v. Tejada, 814 So.2d 334 (Fla.2002), the supreme court held that the diligence prong does not require a litigant to perform a search of a juror’s (or prospective juror’s) litigation history before the conclusion of the jury selection process. In doing so, the Supreme Court overruled this Court’s decision to the contrary. See Tejada v. Roberts, 760 So.2d 960 (Fla. 3d DCA 2000). In Tejada we held:
the time to check the jurors’ names against the clerk’s lawsuit index is at the conclusion of jury selection. If a party does not request the opportunity to make the record search, then that litigant will not be heard to complain later about nondisclosure of information which could have been disclosed by reference to the clerk’s index.
Id. at 966.
In reversing our decision, the supreme court discussed at length the unsuitability of a statewide rule that would uniformly require a party to conduct a litigation history check prior to the conclusion of jury selection:
The Third District held that public records must be consulted at the time of jury selection, but then proceeded to note that chief judges should consider the problem and determine if it is feasible to have such information available. This internal contradiction reflects the vulnerability of the holding in the context of present reality. In a perfect world, access to the information would be immediately available in all courtrooms or actually provided as jury pool information. However, such circumstances do not presently exist and the diversity of resources available in our vast and diverse state to accomplish the task as ordered at this time creates an unacceptable burden that cannot have uniform application. Our court system does not yet have the uniform capacity to provide a readily accessible system for undertaking a review of the court index together with ready access to the court flies. Under present circumstances, the burden of imposing such a prerequisite to a later valid challenge to juror nondisclosure would be onerous, most particularly to sole practitioners representing clients in litigation. Therefore, that portion of the Tejada decision is specifically disapproved.
Roberts, 814 So.2d at 344-45 (emphasis added).
I include the entirety of this passage to identify more clearly what the supreme court held (and, more importantly, what it did not hold).
The supreme court held only that the “diligence” prong of De La Rosa cannot be read to uniformly require that a search for a juror’s litigation history be conducted before the conclusion of jury selection. In other words, in the absence of a specific pretrial order in an individual case, a party is not barred from seeking a new trial based on juror concealment of litigation history simply because that litigation history search was conducted after the trial. The supreme court rejected the broad proposition that any motion for new trial based upon a juror’s concealment of litigation history required (in order to satisfy the diligence prong) that the search be conducted at the conclusion of jury selec *190 tion rather than at the conclusion of the trial.
However, the supreme court did not prohibit a trial court, in an individual case and in the proper exercise of its discretion, from imposing a reasonable requirement of conducting a records check at the conclusion of jury selection. For example, in a scheduled three-week trial, where all parties are represented by counsel, where tens of thousands of dollars have been spent investigating and preparing the case for trial over a period of several years, it would appear, consistent with De La Rosa and Tejada, that a trial court could, after giving all parties an opportunity to be heard on the issue, direct the parties to conduct a properly limited public records search.
Such an order should provide that at the conclusion of the jury selection process, but before the selected jurors (including alternates) are formally sworn to try the case, all parties will be given a reasonable opportunity to conduct a search of the litigation history of the selected jurors. The court could reasonably limit the search to the public records of those dockets of the Circuit and County Courts of the 11th Judicial Circuit which are accessible online and without charge, and require that all search results be shared with opposing counsel and with the court.
The court could then provide counsel with an opportunity, following the search and prior to swearing in the jury, to challenge for cause any juror who concealed or failed to fully disclose their litigation history. The court, in its discretion, could permit additional questioning of a juror where the search reveals that a juror may have concealed or failed to fully disclose litigation history.
It would also be advisable for the court to inform all prospective jurors, at the commencement of jury selection, that a search of the public records will be performed to verify the jurors’ litigation history. Such an instruction would underscore the need for jurors to be accurate and complete in their answers to these questions, and forewarn them that this information will eventually be discovered, increasing the likelihood that jurors will be forthcoming about their litigation history during the jury selection process.
Such a procedure, under the appropriate circumstances of an individual case, would be consistent with the holding and rationale of the supreme court’s decision in Tejada, while serving the equally important interest of avoiding the retrial of a case because of an error which could have been discovered and corrected before the formal trial even begins. In light of the extraordinary amount of time, energy and expense that is often required for the modern civil trial, giving trial judges the discretion to impose these common-sense procedures, in the appropriate exercise of their discretion, is not simply reasonable, but laudable.
This should not be understood as advocating a blanket rule or a standing pretrial order requiring all litigants in every case to obtain a litigation history of all selected jurors before they are formally sworn to try the case. However, on a case-by-case basis, a trial court has the authority to require that a party wishing to obtain certain public and easily-accessible litigation history of a prospective juror do so before the jury is sworn to try the case.
While it might be true that such a procedure will not be suitable for many cases, a trial court’s appropriate exercise of its discretion, even in this limited fashion, surely advances the proper administration of justice. Presently there is a disincentive for attorneys, on their own and in the absence of a court order, to engage in any *191 pretrial search of a juror’s litigation history. Should an attorney conduct a litigation history search before the jurors are sworn, and discover that a juror has concealed or failed to fully reveal litigation history, that attorney would presumably be obligated to provide this information to the court and to opposing counsel. See Rules Regulating the Florida Bar 4-3.2 (Expediting Litigation); 4-3.3 (Candor Toward the Tribunal); and 4-3.4 (Fairness to opposing Party and Counsel). Moreover, how could an attorney act with “diligence” under De La Rosa if that attorney, armed with the knowledge that an as-yet-un-sworn juror has concealed relevant and material information, failed to disclose that information to the court before the juror is sworn?
Faced with this Hobson’s choice, an attorney would be well advised to choose the path of inaction, conducting no search (even one which is quick, free and easy) unless and until the jury returns an adverse verdict. A process which promotes such a choice runs contrary to the ideals of a judicial system whose motto is suspended above every trial court bench in our circuit: “We who labor here seek only truth.” I believe trial courts have, and should be permitted to exercise, the discretion in the appropriate case to require quick, free and easily-accessible public searches of a juror’s local litigation history before that juror is sworn to try the case.
SALTER, J., concurs.