PALMER, J.
Jeffrey Weissman timely appeals the order entered by the trial court granting a new trial.[1] Determining that the trial court abused its discretion in granting the new trial, we reverse and remand for reinstatement of the jury verdict.
Weissman filed a wrongful death action against Radiology Associates of Ocala (RAO) for alleged medical malpractice. The jury entered a verdict in Weissman’s favor. After conducting post-trial background investigations on the jurors, RAO filed a motion to conduct juror interviews, alleging material non-disclosures by several jurors. The trial court conducted juror interviews and then granted RAO’s pending motion for a new trial, finding that three jurors had failed to disclose material *756 information. Weissman appeals, contending that the trial court abused its discretion in ordering a new trial, arguing that none of the alleged non-disclosures were sufficient to justify the grant of a new trial. We agree.
The standard of review of a trial court’s order granting a new trial based on juror non-disclosure of material information is an abuse of discretion. See McCauslin v. O’Conner, 985 So.2d 558 (Fla. 5th DCA 2008).
In De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995), our Supreme Court adopted a three-part test to be utilized in determining whether a juror’s non-disclosure of information during voir dire warrants a new trial: (1) was the information relevant and material to jury service in the case; (2) did the juror conceal information during questioning; and (3) was the juror’s failure to disclose information attributable to the complaining party’s lack of diligence. Id. at 241. Here, the trial court found that all elements of the De La Rosa test were satisfied regarding non-disclosures by jurors Mesa, Garcia, and Lewis. We disagree.
As for Mesa, RAO asserted that she failed to disclose her treatment and billing history with RAO, and the trial court determined that RAO had met the De La Rosa test with regard to Mesa because of said non-disclosure.
During voir dire, the prospective jurors were asked whether any of them “had ever been to RAO.” They were also asked whether they harbored “negative feelings about doctors, hospitals, or healthcare providers or had other healthcare issues that might somehow come into play here.” None of the prospective jurors responded affirmatively. After conducting a post-trial search of its internal billing records, RAO claimed that Mesa received services from RAO at area hospitals and that her account had gone into collections. RAO’s counsel provided documents to the court, over Weissman’s objection, allegedly showing that Mesa had been billed for services performed by RAO and that her account had been sent to collections. During her juror interview, Mesa never testified that she had been to RAO, that she had received services from RAO, that she had received any bills from RAO, or that any bills from RAO had gone to collections.. We conclude that, because RAO failed to properly authenticate its documents, presenting no witnesses at the hearing to identify the documents, the trial court improperly admitted those documents into evidence. ' Absent those documents, the trial court had no evidence demonstrating that Mesa concealed any information during voir dire. Accordingly, RAO failed to meet the De La Rosa test as to Mesa.
As for Garcia, RAO asserted that he failed to disclose that he filed a chapter 13 bankruptcy proceeding in 2011. The trial court determined that RAO met the De La Rosa test with regard to Garcia because of the non-disclosure of the bankruptcy filing.
During voir dire, the prospective jurors were not specifically asked about bankruptcy filings. Rather, counsel for Weiss-man asked whether the jurors had ever been involved in any kind of litigation, either as a plaintiff or as a defendant. RAO then asked:
Have you ever been involved with a lawsuit that means all types of lawsuits ... even if you were in a foreclosure action, some action for some sort of credit issues. Has anyone ever been involved in any sort of lawsuit?
None of the prospective jurors responded affirmatively.
Weissman contends that RAO’s questions during voir dire were too imprecise *757 to trigger a response about Garcia’s bankruptcy proceeding, since a bankruptcy filing does not involve a plaintiff or a defendant, nor is the filing party either suing or being sued. RAO responds to that argument as follows:
[Djefense counsel listed as examples two types of lawsuits that jurors might not typically associate with courtroom litigation — “foreclosure actions” and “some action for some sort of credit issues.”
Here, while counsel for Defendants did not use the actual word “bankruptcy” during voir dire, counsel did question the jurors about actions having to do with “credit issues.” This was more than enough to have caused reasonable jurors in Mr. Garcia’s and Ms. Lewis’ position to mention their personal bankruptcy filings.
We agree with Weissman. RAO’s example of “some action for some sort of credit issues” was immediately preceded by and followed with direct questioning about whether the prospective jurors had been involved in any lawsuits. Considering the context of RAO’s question, a juror could have concluded that RAO was asking only about lawsuits involving credit issues.
In Public Health Trust of Miami-Dade County v. Metellus, 948 So.2d 4 (Fla. 3d DCA 2006), the district court reversed an order granting a new trial for a juror’s failure to disclose involvement in divorce and collection proceedings, .finding no concealment in the absence of a definition of a lawsuit provided in the questioning. The voir dire questioning here was similarly imprecise. It did not specifically ask about bankruptcy proceedings and talked in terms of any juror having been a plaintiff or defendant, or having sued or been sued, none of which are applicable to a bankruptcy proceeding. As such, RAO failed to meet the De La Rosa test as to Garcia. See also Rodgers v. After Sch. Programs Inc., 78 So.3d 42 (Fla. 4th DCA 2012) (affirming the trial court’s denial of a motion for a new trial when attorneys’ questioning was imprecise and not designed to elicit the type of information that was supposedly concealed).
As to Lewis, RAO alleged that she failed to disclose that she filed a chapter 7 bankruptcy action and that she was a party to various litigation. For the same reasons set forth above with regard to Garcia, RAO failed to meet the De La Rosa test as to Lewis’ non-disclosure of her bankruptcy filing.
As for her involvement in other-lawsuits, RAO alleged that Lewis was a party to at least four previous lawsuits. However, before interviewing Lewis, the trial court specifically stated that it would not question her about those actions because they were “too remote in time.” Nonetheless, inexplicably, in announcing its ruling, the trial court relied upon those lawsuits in granting RAO’s motion for new trial. Such reliance was improper in light of the trial court’s earlier determination that such litigation was too remote in time. Accordingly, RAO failed to meet the De La Rosa test as to Lewis’ non-disclosure of those lawsuits.
Since RAO failed to meet its burden of proof under De La Rosa as to any of the challenged jurors, the trial court abused its discretion in granting a new trial. Accordingly, we reverse and remand for reinstatement of the jury verdict.
REVERSED and REMANDED.
WALLIS and LeBLANC, R. Associate Judge, concur.

. This court has jurisdiction. See Fla. R. App. P. 9.130(a)(4); 9.110(a)(3).