# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1844
_____

JUSTIN DRINKARD,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Shonna Young Gay, Judge.

May 6, 2026

OSTERHAUS, C.J.

Justin Drinkard appeals his murder and trespassing convictions by challenging the trial court's denial of his request for a twelve-person jury and his post-verdict motion to interview a juror about her nondisclosure of a misdemeanor reckless driving conviction. We affirm.

Constitutional due process guarantees give criminal defendants the right to an impartial jury trial. Amends. IV & XIV, U.S. Const.; *Martin v. State*, 322 So. 3d 25, 32 (Fla. 2021). A defendant's procedural rights in Florida courts include the ability to make informed challenges against potential jurors, either for cause or peremptorily, *Martin*, 322 So. 3d at 37, such that "our appellate courts have reversed for jury interviews or new trials,

where jurors allegedly failed to disclose a prior litigation history or where other information relevant to jury service was not disclosed." *De La Rosa v. Zequeira*, 659 So. 2d 239, 241 (Fla. 1995). The issue here is whether the trial court violated Drinkard's rights by refusing to allow a post-verdict juror interview related to a juror's failure to disclose certain facts during voir dire.

A jury found Drinkard guilty of second-degree murder and armed trespass of an occupied dwelling after a three-day trial in April 2024. A couple days after the verdict, Drinkard hired a jury investigator, who discovered that one of the jurors—Juror 105—had failed to disclose a prior misdemeanor conviction on an alcohol-related reckless driving offense. Based on this finding, Drinkard filed a motion to interview Juror 105, which the trial court denied.

A trial court's denial of a motion to interview jurors is reviewed for abuse of discretion. *Bass v. State*, 304 So. 3d 786, 790 (Fla. 1st DCA 2018). Florida's rules of criminal procedure give courts the discretion to grant post-trial juror interviews where a juror's conduct calls the verdict into question:

> A party who has reason to believe that the verdict may be subject to legal challenge may move the court for an order permitting an interview of a juror or jurors to so determine. . . . If no reason is found to believe that the verdict may be subject to challenge, the court shall enter its order denying permission to interview.

Fla. R. Crim. P. 3.575. "[A]n evidentiary hearing need not be held on every allegation of juror misconduct, and the defendant must 'at least' allege facts establishing a prima facie argument for prejudice." *Hampton v. State*, 103 So. 3d 98, 112 (Fla. 2012) (citing *State v. Hamilton*, 574 So. 2d 124, 130 (Fla. 1991).

In assessing Rule 3.575 motions in cases of juror nondisclosure of information during voir dire, Florida courts have employed a three-part test from *De La Rosa* in both criminal and civil cases. Under this test:

First, the complaining party must establish that the information is relevant and material to jury service in the case. Second, that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party's lack of diligence.

*De La Rosa*, 659 So. 2d at 241.

Here, the parties' dispute focuses on the first prong of the *De La Rosa* test and whether the information undisclosed by Juror 105 was relevant and material enough to her jury service to require a juror interview. "A juror's nondisclosure of information is considered material where 'the omission of the information prevented counsel from making an informed judgment—which would in all likelihood have resulted in a peremptorily challenge." *Hampton*, 103 So. 3d at 112 (quoting *De La Rosa*, 659 So. 2d at 242); *see also Murray v. State*, 3 So. 3d 1108, 1121–22 (Fla. 2009).

We agree with the trial court that the juror information involved here wasn't material because it wouldn't have caused Drinkard to peremptorily challenge Juror 105 had the information been revealed. Drinkard's case involved second degree murder, attempted sexual battery, and trespassing charges. By contrast, Juror 105's undisclosed conviction arose from a comparatively minor reckless driving incident in which "'nothing about the character and extensiveness of [the juror's] own experience' in being convicted of a nonviolent offense 'suggests [the juror] would be biased'" against Drinkard in his life-felony case. *Foster v. State*, 132 So. 3d 40, 63 (Fla. 2013) (*quoting Johnston v. State*, 63 So. 3d 730, 739 (Fla. 2011). Indeed, if anything, it's more likely that Juror 105's posture as a misdemeanor offender in an alcohol-related incident would have made her more sympathetic towards Drinkard and the intoxication evidence in his case, thus, a favorable juror for the defense. *See Johnston*, 63 So. 3d at 739 (explaining that a prospective juror's status as a prior defendant makes bias against defendant "especially unlikely"); *Garnett v. McClellan*, 767 So. 2d 1229, 1231 (Fla. 5th DCA 2000) (finding the nondisclosing juror to be "in the position of being a potential 'defendant,' and [therefore] it seems likely he would have been more sympathetic to the defense than to the plaintiff"). Under

3

these circumstances, we see no prima facie showing by Drinkard of a material nondisclosure of information, or abuse of discretion by the trial court.

Finally, we reject Drinkard's contention that he was entitled to a twelve-person jury. The United States Supreme Court evaluated Florida's jury size standards in *Williams v. Florida*, 399 U.S. 78 (1970), and held that the Sixth Amendment guarantee to trial by jury did not require a twelve-person jury. *See Salmon v. State*, 387 So. 3d 393 (Fla. 1st DCA 2024) (applying *Williams* to this issue).

Accordingly, we AFFIRM the lower court's denial of Drinkard's motion and request.

ROBERTS, J., concurs; BILBREY, J., concurs in part and in result.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

BILBREY, J., concurring in part and in result.

After Drinkard was convicted, his attorneys discovered that Juror 105 had not disclosed a recent arrest and criminal conviction despite all prospective jurors being asked during voir dire about past experiences with the legal system. The questioning included asking prospective jurors whether they had ever been accused of a crime. In the motion to interview Juror 105, Drinkard alleged that Juror 105 had been arrested for DUI after drinking alcohol and that the charge was pleaded down to reckless driving. His motion cited *Wilcox v. Dulcom*, 690 So. 2d 1365, 1366 (Fla. 3d DCA 1997), for his contention that a prospective juror's failure to disclose prior litigation history was per se "relevant and material to jury service, even if that history involves a different type of case."

4

But the holding in *Wilcox* has been superseded by the Florida Supreme Court in *Roberts ex rel. Estate of Roberts v. Tejada*, 814 So. 2d 334, 345 (Fla. 2002). There, the Court discussed "the three-prong test which applies in cases of juror nondisclosure." *Id.* at 339 (citing *De La Rosa v. Zequeria*, 659 So. 2d 239, 241 (Fla. 1995)). "Pursuant *to De La Rosa's* first prong, the complaining party must establish not only that the nondisclosed matter was 'relevant' — as all prior litigation history is — but also that it is 'material to jury service in the case.'" *Roberts*, 814 So. 2d at 339. The Court in *Roberts* noted that the litigation history may be material but then stated, "Nor does *De La Rosa* dictate that all prior litigation history (while relevant) is per se material." *Roberts*, 814 So. 2d at 341 (citation omitted); *see also Hampton v. State*, 103 So. 3d 98, 112–13 (Fla. 2012); *Johnston v. State*, 63 So. 3d 730, 738 (Fla. 2011).[*]

To be entitled to interview Juror 105, Drinkard was required in his motion to "allege facts establishing a prima facie argument for prejudice." *Hampton*, 103 So. 3d at 112. On appeal, Drinkard explains he was intoxicated during the incident that led to his arrest and "that Juror 105 could have taken a negative view of Appellant Drinkard's intoxication." While this is certainly possible, and in my view may have required a juror interview had this allegation of materiality been made in the motion, the motion needed to have had sufficient allegations of materiality for the issue to be preserved. *See id.* Since Drinkard's motion lacks allegation explaining how Juror 105's nondisclosure was material, I would affirm based only on this ground and would not reach the question of whether the nondisclosure was in fact material.

As for Drinkard's argument that a twelve-person jury was required under the Sixth Amendment to the United States Constitution, which has been incorporated against the states in the Fourteenth Amendment's Due Process Clause, I concur with

---

[*] Following *Wilcox*, the Third District receded from its holding, stating, "we clarify that *Wilcox* does not mandate an automatic new trial whenever there has been a nondisclosure of litigation information." *Birch ex rel. Birch v. Albert*, 761 So. 2d 355, 359 (Fla. 3d DCA 2000).

the majority's opinion rejecting this claim. We cannot overrule the binding precedent given by the United States Supreme Court in *Williams v. Florida*, 399 U.S. 78, 86 (1970). Drinkard notes in his initial brief that the holding in *Williams* has been criticized, and strongly so, by Justice Gorsuch. *See Khorrami v. Arizona*, 143 S. Ct. 22, 23 (2022) (Gorsuch, J., dissenting from denial of certiorari) ("*Williams* was wrong the day it was decided, it remains wrong today, and it impairs both the integrity of the American criminal justice system and the liberties of those who come before our Nation's courts."); *see also Cunningham v. Florida*, 144 S. Ct. 1287, 1287 (2024) (Gorsuch, J., dissenting from denial of certiorari).

In our court *Williams* has had both a defender, *see Lainhart v. State*, 351 So. 3d 1282, 1284 (Fla. 1st DCA 2022) (B.L. Thomas, J., concurring), and a critic. *See Lessard v. State*, 232 So. 3d 13,14 (Fla. 1st DCA 2017) (Makar, J., concurring). But unless the United States Supreme Court chooses to reconsider *Williams*, in Florida criminal trials a twelve-person jury is only required for capital cases. *See Phillips v. State*, 316 So. 3d 779, 786 (Fla. 1st DCA 2021).

---

Michael Robert Ufferman, of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Miranda Lee Butson, Assistant Attorney General, Tallahassee, for Appellee.

6