COHEN, J.
Johnathan Gadison appeals his convictions for possession of a firearm by a convicted felon, reckless driving, and resisting arrest without violence. We find no merit in the first issue Gadison raises on appeal, the denial of his motion to suppress. However, Gadison álso argues that the trial court erred in denying his motion for mistrial after a State witness improperly commented on Gadison’s exercise of his right to remain silent. We agree and reverse for a new trial.
The comment in question was made by the arresting officer, Officer Albakri, during the prosecution’s direct examination. Officer Albakri testified that Gadison made incriminatory statements concerning his knowledge and constructive possession of the firearm. The prosecutor inquired, “[wjhere were you when you first had a chance to speak with [Gadison]?” The officer replied, “[a]s soon as I put my handcuffs on him and I’m walking him to the car, even prior to reading him his Miranda rights, he made a spontaneous statement before I even interviewed him or had plans to interview him. But once I read him his Miranda rights, he did not speak with me at all.” Gadison moved for a mistrial on the ground that this testimony was an improper comment on his constitutional right to remain silent; the trial court denied the motion.
A comment from a State witness that is “fairly susceptible of being construed by the jury as a comment on the defendant’s exercise of his or her right to remain silent ... violates the defendant’s *617 right to silence.” State v. Hoggins, 718 So.2d 761, 769 (Fla.1998). On appeal, the State does not dispute that Officer Albak-ri’s comment was fairly susceptible of being construed as a comment on Gadison’s exercise of his right to remain silent.[1]
A trial court’s ruling on a motion for mistrial is reviewed for an abuse of discretion. See Poole v. State, 997 So.2d 382, 391 (Fla.2008). A mistrial is appropriate following a comment on the defendant’s right to remain silent only if the error was “so prejudicial as to vitiate the entire trial.” Id. In this case, the possession of the firearm was constructive and Officer Albakri could not recall the specifics of Gadison’s admission.[2] Additionally, Gadison presented some evidence that he did not know about the presence of the firearm. In a case like this, where the evidence presented was conflicting, we cannot say that the comment did not vitiate the outcome of the trial. Therefore, the trial court abused its discretion in denying Gadison’s motion for mistrial.[3]
In an effort to salvage the trial, following the rendition of the verdict, the trial court propounded an interrogatory to the jury effectively asking whether Officer Albakri’s comment had any effect on its verdict.[4] The jury answered that it had not. While not reversible error, we note that this inquiry was improper. The Florida Evidence Code forbids any judicial inquiry into “emotions, mental processes, or mistaken beliefs of jurors.” Baptist Hosp. of Miami, Inc. v. Maler, 579 So.2d 97, 99 (Fla.1991) (citing § 90.607(2)(b), Fla. Stat. (1987)). Section 90.607(2)(b), Florida Statutes (2013), provides that “[u]pon an inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter which essentially inheres in the verdict or indictment.” The trial court’s inquiry here inhered in the verdict and was thus improper. See Sims v. State, 444 So.2d 922, 925 (Fla.1983) (holding that a jury’s consideration of a defendant’s failure to testify is a matter that inheres in the verdict); see also Devoney v. State, 717 So.2d 501, 505 (Fla.1998) (“[F]ull and frank discussion in the jury room, jurors’ willingness to return an unpopular verdict, and the community’s trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of postver-dict scrutiny of juror misconduct.” (quoting *618 Tanner v. United States, 483 U.S. 107, 120-21, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987))).
REVERSED and REMANDED for new trial.
SAWAYA and BERGER, JJ., concur.

. Instead, the State argues that the error was harmless. However, the harmless error doctrine is inapplicable here because the trial court denied the motion for mistrial without ruling on an objection to the underlying error. See Poole v. State, 997 So.2d 382, 391 n. 3 (Fla.2008). Even if the harmless error doctrine were applicable, we would conclude that the error was not harmless.

. While we have affirmed the trial court’s denial of the motion to suppress, a review of Officer Albakri’s testimony at the suppression hearing, when compared to his trial testimony, reveals a number of discrepancies.

. The State also argues that the error was "invited” when Gadison declined the trial court’s offer to give a curative instruction. The record reflects only that the court inquired of the defense whether it was requesting a curative instruction, at which point the defense reiterated its request for a mistrial. Moreover, we conclude that under the circumstances of this case, a curative instruction would not have overcome the comment on Gadison’s right to remain silent. See Czubak v. State, 570 So.2d 925 (Fla.1990) (holding that defense was not required to accept curative instruction where curative instruction would not have overcome the error). Therefore, the error was not invited.

.The interrogatory posed two questions. The interrogatory first asked: "In this case there may have been evidence that a state witness commented on the Defendant’s Constitutional Right to remain silent.... Does the Jury recall any evidence on this topic being introduced?” The jury answered: "Yes.” The interrogatory then inquired: "What impact, if any, did such evidence contribute to your GUILTY verdict(s)?” The jury answered: "NONE with regard to Count(s) 1, 2, 3, 4.”