PER CURIAM.
Michael Sonneman (the defendant) appeals the denial of his motion to conduct a post-verdict juror interview following his convictions for two counts of lewd or lascivious battery of a child and one count of interfering with the custody of a child. We affirm.
During jury selection, one prospective juror apprised the prosecutor that the case "kind of hits close to home with a family-related case." Referencing this statement from the prospective juror, the prosecutor later asked, "Does anybody else have family or friends that have been involved or impacted by sexual abuse?" One prospective juror responded that her grandson had been abused at camp. The prospective juror who made the earlier disclosure also responded. No other prospective jurors responded to this question.
During his opportunity to question the jury pool, defense counsel briefly followed up with these two prospective jurors. However, he never asked the jury pool whether any of them had personally been sexually abused, nor did he ask if any of them had ever been the victim of any crime.
Ultimately, the jury found the defendant guilty as charged. Less than a week after the jury returned the verdicts, the defendant filed a motion to interview the jury's foreperson, arguing that she committed misconduct by not disclosing that she had been sexually abused as a teenager. In support of the motion, the defendant attached Facebook posts allegedly authored by the foreperson. The Facebook user indicated that, like the victim in the defendant's criminal case, she too had been sexually abused at the age of fourteen and that she found personal justice through the verdicts against the defendant. Additionally, *1183 in response to a question concerning how the defendant pled, the Facebook user stated, "NOT GUILTY. Did not take the stand in his own defense." However, the Facebook user elsewhere noted that the State's evidence overcame the defendant's presumption of innocence.
At an evidentiary hearing on the motion, defense counsel argued that the foreperson committed juror misconduct by concealing the fact that she was a victim of sexual abuse. Additionally, defense counsel asserted that the Facebook posts revealed that the foreperson improperly held the defendant's decision to not testify against him.
After taking the matter under advisement, the trial court denied the motion, finding that the foreperson did "not conceal the fact that she was a sexual abuse victim" and that the "failure to disclose the information was attributable to the defense's failure to ask about her past experiences." As support for these findings, the court noted, "A review of the transcript reveals that neither the State nor defense ever asked any of the jurors if they personally had ever been the victim of sexual abuse."
Following the entry of the order denying a juror interview, the trial court entered judgment consistent with the jury's verdicts and sentenced the defendant to a combined twenty years in prison. This appeal follows.
Rule 3.575 of the Florida Rules of Criminal Procedure allows a party who has reason to believe that the verdict may be subject to legal challenge to move the court for permission to conduct a juror interview. However, the rule also provides, "[I]f no reason is found to believe that the verdict may be subject to challenge, the court shall enter its order denying permission to interview." Fla. R. Crim. P. 3.575. The trial court's decision to deny a motion for a juror interview is reviewed for an abuse of discretion. Anderson v. State, 18 So.3d 501, 519 (Fla. 2009).
On appeal, the defendant argues that the trial court abused its discretion in denying his motion to interview the foreperson because she improperly considered his decision to not testify and committed misconduct by failing to disclose her history of sexual abuse. We disagree.
The defendant's claim concerning the foreperson's improper consideration of his decision to not testify does not support reversal. A juror may not be interviewed concerning matters that inhere in the verdict, Reaves v. State, 826 So.2d 932, 943 (Fla. 2002), and the Florida Supreme Court has held that "a jury's consideration of a defendant's failure to testify ... is a matter which essentially inheres in the verdict itself." Sims v. State, 444 So.2d 922, 925 (Fla. 1983) (citations omitted); see also Gadison v. State, 158 So.3d 615, 617 (Fla. 5th DCA 2013). Accordingly, the foreperson's alleged consideration of the defendant's decision to not testify cannot serve as a basis for a juror interview.
We then consider the foreperson's alleged non-disclosure of her own personal experience with sexual assault. The Florida Supreme Court has approved a three-part test for considering whether a juror's non-disclosure during voir dire warrants a juror interview or new trial. De La Rosa v. Zequeira, 659 So.2d 239 (Fla. 1995). "First the complaining party must establish that the information is relevant and material to jury service in the case. Second that the juror concealed the information during questioning. Lastly, that the failure to disclose the information was not attributable to the complaining party's lack of diligence." Id. at 241. To meet the second prong of this test, the information must be directly asked for and not provided. Wiggins v. Sadow, 925 So.2d 1152, 1155 (Fla. 4th DCA 2006). Further, to overcome the *1184 third prong, due diligence must be demonstrated by the defense as it relates to questioning the jurors. See Hampton v. State, 103 So.3d 98, 113 (Fla. 2012).
In this case, the foreperson did not conceal information related to a direct question asked during the voir dire examination. In fact, neither the prosecutor nor defense counsel asked the panel if any of them had personally been sexually assaulted, nor was the panel asked if any among them was a victim of any crime at all. The prosecutor only inquired as to friends or family members affected by sexual assault, and defense counsel limited his voir dire inquiry on this subject to the two prospective jurors who responded to the prosecutor's question. Based upon the record presented, the trial court acted within its discretion in finding that the defendant did not prove the concealment prong or the due diligence prong of the De La Rosa test.
Thus, for the reasons given above, we AFFIRM.
TORPY, HARRIS and GROSSHANS, JJ., concur.