DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellant,

v.

**ALEJANDRO LUZARDO VILLASMIL** and **ANTHONY JOSE FERRER,**
Appellees.

No. 4D2024-2947

[April 15, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia Wood, Judge; L.T. Case No. 062020CA011509AXXXCE.

Lara Judith Edelstein of Boyd & Jenerette, PA, Boca Raton, and Jennifer Lynn Aybar of Boyd & Jenerette, PA, Maitland, for appellant.

Samuel Robert Alexander of Alexander Appellate Law P.A., Jacksonville, for appellees.

PER CURIAM.

After careful consideration of the parties' briefs and the record, we affirm.

The circuit court did not abuse its discretion in denying Citizens' motion to strike the jury panel, nor in admitting into evidence the 2019 inspection report over Citizens' objection.

To prevail on either its claim that a new trial was warranted because of juror non-disclosure of material information during voir dire, or its alternative argument that we should reverse and remand to interview four jurors on the panel, Citizens had to satisfy the three-part test set forth in *De La Rosa v. Zequeira*, 659 So. 2d 239 (Fla. 1995):

> 1) The concealed information was relevant and material to jury service in the case;

2) The juror concealed the information during questioning; and

3) The failure to disclose the information was not attributable to Citizen's lack of diligence.

*Id.* at 241.

Assuming without deciding that the four jurors' litigation and/or claims history was relevant and material under *De La Rosa*, Citizens did not satisfy the test's other two prongs. *See Gamsen v. State Farm Fire & Cas. Co.*, 68 So. 3d 290, 294 (Fla. 4th DCA 2011) (finding that party failed to establish the elements of juror concealment and due diligence); *see also Children's Med. Ctr., P.A. v. Kim*, 221 So. 3d 664, 670 (Fla. 4th DCA 2017) (holding that party did not establish any element of the *De La Rosa* test).

Finally, having found no individual errors, we reject Citizens' cumulative error argument. *See Merck v. State*, 124 So. 3d 785, 802 (Fla. 2013) ("[W]here individual claims of error alleged are either procedurally barred or without merit, the claim of cumulative error must fail.") (quoting *Griffin v. State*, 866 So. 2d 1, 22 (Fla. 2003)).

*Affirmed.*

KLINGENSMITH, SHAW and LOTT, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

2